[Civ. No. 21247. Second Dist., Div. One. Apr. 9, 1956.]

HARLEY H. BAKER et al., Appellants, v. EDWARD COMMEFORD et al., Respondents.

Eugene L. Wolver for Appellants.

S. V. O. Prichard for Respondents.

WHITE, P. J.—Plaintiffs have appealed from the judgment dismissing the instant action, No. 590386. The complaint alleges the existence of a controversy as to the meaning of a written contract whereby plaintiffs employed defendants, and seeks a declaratory judgment that: (a) Defendants' right to receive a percentage of the gross sales ceased and terminated

upon the termination of their employment; and (b) "The term 'gross sales,' as used in said written covenant and defined in their prior negotiations, dealings and accountings, means and should be defined to provide that the same applies only to orders theretofore fulfilled and delivered, less the amount of any rejections by the respective purchasers or vendees."

The complaint also alleges *in haec verba* the agreement between the plaintiffs and defendants, whereby plaintiffs employed the four defendants for "plant superintendent," "engineering and sales," "engineering and sales," and "manager and sales," respectively; and that the employment was terminated by the mutual consent of all parties.

Respondents, by their answer, admit that "an actual controversy has arisen and now exists" between the parties; allege that respondents have filed action No. 590482, setting forth their position and contentions; and attach a copy of their complaint in said action No. 590482.

Respondents' cross-complaint in the instant action contains two causes of action, which are identical with the two causes of action stated in their complaint in said action No. 590482. The first seeks judgment for 6 per cent of the orders fully completed, delivered and paid for prior to the date upon which the employment of respondents ended; and the second seeks compensation for respondents' services rendered in securing an additional $596,000 of orders not then delivered or paid for. Appellants' answer to the complaint in action No. 590482, and their answer to the cross-complaint in the instant action are identical.

At the commencement of the trial, it was stipulated "that there being no order of consolidation in these two cases, the matter may proceed to trial on the cause of *Commeford* v. *Baker*, being case No. 590482, that the evidence taken upon the trial of the issues raised in that case may be deemed and considered by the court as evidence" in the instant action No. 590386.

After two days of trial, motion for nonsuit was granted as to respondents' second cause of action. The trial of the first cause of action to collect the commissions due them on sales delivered and paid for prior to the termination of their employment continued for about 12 days and resulted in a judgment for respondents for $8,823.33, from which no appeal has been taken, and which has been satisfied.

At the termination of the trial, the court stated: ". . . upon the settling of findings and judgment in one case (590482)

the other will parallel. There is no need of drawing them both now, until we settle the one, because for all practical purposes, except the declaratory relief, they will be identical, substantially identical in language, so there will be separate Findings and separate Judgment, since the cases were not consolidated for trial . . . we will settle Findings in 590482, and then the other can just automatically follow that.''

Respondents in the instant action then appealed from the judgment entered after nonsuit as to their second cause of action in No. 590482. Pending the determination of that appeal, it was stipulated that no findings of fact, conclusions of law or judgment shall be signed, entered or made a part of the court's record in the instant action; but that ''at the conclusion of such appeal and the decision therein becoming final, any of the parties hereto may request the trial court therein to proceed to sign and enter such Findings of Fact, Conclusions of Law and Judgment. That each and all of the parties do hereby agree that the periods of any time limitation, established by statute or otherwise, for the doing of any of the aforesaid acts is hereby waived, and do further hereby agree that the period of time between the date hereof and the date when the decision on said appeal becomes final, shall be excluded from all statutory periods of time.''

The judgment as to said second cause of action was reversed on appeal (*Commeford* v. *Baker,* 127 Cal.App.2d 111 [273 P.2d 321]) and, at page 121, it is said:

''The foregoing considerations lead us to the conclusion that there must be a retrial of the action for a decision on the merits. No just decision of the cause is possible without a determination by a trial court, after the receipt of all proper evidence, as to the meaning the parties attributed to the term 'gross sales' as used in the contract. Such a finding will determine whether plaintiffs have been awarded all they have earned or still have a substantial amount due them.''

When the decision of the District Court of Appeal in said action No. 590482 became final, appellants moved that the court sign and file in the instant action its findings of fact, conclusions of law and judgment in accordance with the court's decision at the end of the trial. Appellants then urged and now contend on this appeal that respondents have had their day in court, that all their evidence is in, and that the decision on appeal in case No. 590482 does not preclude the making of a finding in the instant action as to the meaning of

the term "gross sales" and the entry of a judgment in the instant action declaring the meaning of the contract of employment involved in both actions.

The motion that the court sign the findings, conclusions and judgment was denied and it was adjudged "that the instant action be dismissed without prejudice to the rights of the parties, or either of them, to have each and all of the matters determined which require determination as outlined by the decision of the District Court of Appeal in said action number 590482."

From said judgment it appears that each and all of the issues presented in the instant action "were presented and fully determined by the court in said action number 590482, . . . [wherein] . . . the court rendered judgment in which it fully declared the rights of the parties as far as that was legally possible upon the evidence presented . . . and . . . that no further determination of the right of the parties as between themselves is necessary other than the trial and determination of the issue of fact outlined upon said appeal by the District Court of Appeal, and that as a consequence there is no longer any necessity to make any determination by declaration of the rights of the parties hereto other than to conduct the trial directed to be conducted by the opinion of the District Court of Appeal, and that no controversy exists as between the parties except said controversy."

The appeal now engaging our attention is from that judgment dismissing the action for declaratory relief.

The court may "refuse to exercise the power granted . . . in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061.)

"The purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation. . . . Whether a determination is proper in an action for declaratory relief is a matter within the trial court's discretion, however, and the court's decision to grant or deny relief will not be disturbed on appeal unless it be clearly shown . . . that the discretion was abused. (*California Physicians' Service* v. *Garrison*, 28 Cal.2d 790, 801 [172 P.2d 4, 167 A.L.R. 306]; *Moss* v. *Moss*, 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422].)" (*Hannula* v. *Hacienda Homes, Inc.*, 34 Cal.2d 442, 448 [211 P.2d 302, 19 A.L.R.2d 1268]; *Cutting* v. *Bryan*, 206 Cal. 254 [274 P. 326].)

It is contended by appellants that the continued trial after

the granting of the nonsuit from which the former appeal was taken was a complete trial of the issue as to the meaning of "gross sales," that additional findings should have been made from the evidence then taken and the declaratory judgment sought by them should have been given. There is some conflicting testimony in the record concerning later conversations about the term "gross sales," but nothing as to the intention of the parties when the agreement was made. However, after the nonsuit was granted as to the second cause of action, the meaning of the term "gross sales" was no longer a question to be decided. The subsequent days of the trial concerned only the amount due respondents for sales completed and delivered prior to the termination of the employment, which sales were conceded by all parties to be included in "gross sales" as used in the agreement. We cannot assume that a matter not in issue was fully tried.

The trial court, by dismissal of the instant action, has disposed of an extra action involving no question other than those already determined in said action No. 590482 and the one therein to be determined upon a retrial pursuant to the directions of the District Court of Appeal in *Commeford* v. *Baker, supra.* Under these circumstances, the dismissal of the instant action was not an abuse of discretion.

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.