[Civ. No. 32020.   Second Dist., Div. Two.   Oct. 4, 1968.]

DUKE F. FAGERSTEDT et al., Plaintiffs and Appellants, v. CONTINENTAL INSURANCE COMPANY et al., Defendants and Respondents.

Halde, Battin, Barrymore & Stevens and Ronald C. Stevens for Plaintiffs and Appellants.

Clopton & Penny, Robert C. Kunz, McLaughlin, Evans, Dalbey & Cumming, Harold J. Bennett, Magana, Olney, Levy & Cathcart, Groezinger, Wells, Dubiel & Vonk for Defendants and Respondents.

HERNDON, J.—Plaintiffs appeal from the judgment of dismissal entered following the sustaining of defendants' demurrers to their first amended complaint for declaratory relief without leave to amend.

In substance, appellants' complaint alleges that appellant Fagerstedt is a licensed contractor and that appellant Keeler is his employee. On or about August 15, 1966, respondent Elliott entered into an oral agreement with Fagerstedt whereby the latter was to provide men and equipment to Elliott and to conduct certain grading operations upon land located in Santa Barbara County that was being developed by Elliott. At Elliott's request respondents L. D. Van Over Construction, Inc. and L. D. Van Over (hereinafter referred to collectively as Van Over) provided Fagerstedt with a water truck and driver, Antonio Villa, who was to be Fagerstedt's special employee. Villa, however, remained in the general employ of Van Over and was carried on its payroll.

It is further alleged that Villa met his death as the result of an industrial accident that occurred during the course and scope of both his general and special employment. Also named as defendants in appellants' complaint are the heirs-at-law of Villa and Industrial Indemnity Insurance Company, State Fund Insurance Company and Continental Insurance Company, the workmen's compensation insurance carriers of Van Over, Elliott and Fagerstedt, respectively.

In an attempt to establish the existence of a justiciable controversy, appellants alleged that they and Van Over and its insurance carrier contend that Villa was the special employee of Fagerstedt, Keeler[1] and/or Elliott. On the other hand, it is alleged that Elliott, his insurance carrier, and

---

[1]How Villa could be the employee of Fagerstedt's employee, Keeler, is not suggested.

Fagerstedt's insurance carrier contend that Villa was not such a special employee. Appellants pray that the rights and duties of all the parties be determined and that Villa be declared to be their special employee.

Relevant facts in addition to those alleged in appellants' complaint are subject to judicial notice. ■ The rule has long been established in California "that in the consideration of a pleading the courts must read the same as if it contained a statement of all matters of which they are required to take judicial notice, even when the pleading contains an express allegation to the contrary." (*Chavez* v. *Times-Mirror Co.*, 185 Cal. 20, 23 [195 P. 666]. Also *Flores* v. *Arroyo*, 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263]; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.*, 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439].)

■ Therefore, although not disclosed by appellants' complaint, the trial court judicially knew prior to May 1, 1967, when the judgment of dismissal was entered herein, that Villa's heirs theretofore on November 22, 1966, had sought and obtained an award from the Workmen's Compensation Appeals Board against Van Over and its carrier. (No. 66SBA7154). From this fact the court knew, contrary to appellants' allegations, that any issue concerning appellants' potential liability under the terms of the Workmen's Compensation Law was entirely moot.

Furthermore, on October 7, 1966, Villa's heirs had filed an action in the Santa Barbara Superior Court (No. 77802) seeking damages against Fagerstedt and Elliott in which it was contended that Villa had not been in the employ of appellants at the time they negligently caused his death. Appellant Fagerstedt's contentions to the contrary were presented in defense of this action by his answer filed November 28, 1966. Since the judgment in that action will resolve every issue raised in the instant proceeding, there is no need for the maintenance of this separate action for declaratory relief.

Code of Civil Procedure section 1061 expressly provides: "The court may refuse to exercise the power [to grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

■ " 'The purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation. . . . Whether a determination is proper in an action for declaratory relief is a matter within the trial

court's discretion, however, and the court's decision to grant or deny relief will not be disturbed on appeal unless it be clearly shown . . . that the discretion was abused. [Citations.]' . . .

█ "The trial court, by dismissal of the instant action, has disposed of an extra action involving no question other than those already determined [or to be determined in separate pending actions involving the same parties]. Under these circumstances, the dismissal of the instant action was not an abuse of discretion." (*Baker* v. *Commeford*, 140 Cal.App.2d 599, 602-603 [295 P.2d 522]. See also *Pacific Elec. Ry. Co.* v. *Dewey*, 95 Cal.App.2d 69, 72 [212 P.2d 255].)

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.