[Civ. No. 19756.   Second Dist., Div. One.   Apr. 14, 1954.]

E. M. COTTON APPLIANCE, INC. (a Corporation), Appellant, v. FELTON ALUMINUM COMPANY, INC. (a Corporation), Respondent.

Randolph J. Soker for Appellant.

Leonard J. R. Davis for Respondent.

WHITE, P. J.—Plaintiff appeals "from the judgments and final orders . . . entered in the said superior court on the 14th day of November, 1952, in favor of the defendants in said action, and against said plaintiff. . . ." The orders and judgments referred to appear to be an order changing the place of trial and transferring the cause, on defendant's motion, from the Superior Court of Los Angeles County to the Superior Court of Santa Clara County, the latter county being the principal place of business of the defendant corporation; and a written order signed by the judge of the superior court (subsequent to the entry of a minute order) sustaining a demurrer to the first cause of action of plaintiff's first amended complaint and granting leave to amend. By the minute order referred to the court also denied plaintiff's motion to file a second amended and supplemental complaint.

Plaintiff's first amended complaint contained two causes of action. In the first cause of action designated as one for declaratory relief it was alleged that plaintiff and defendant entered into an oral contract "whereby plaintiff agreed to purchase from defendant, and defendant agreed to manufacture, sell and deliver to plaintiff at Santa Monica, California, 500 aluminum castings to be made from a permanent mold owned by the plaintiff," the castings to be shipped to plaintiff corporation at Santa Monica; that thereafter the parties agreed to reduce the number of castings to be deliv-

ered; that on November 7, 1951, at Santa Monica, "plaintiff and defendant entered into an accord and satisfaction whereby it was mutually agreed that plaintiff was to accept and pay for in full, 473 castings" at a specified amount "for which total amount plaintiff then and there made and delivered to defendant a check and demanded immediate return of plaintiff's permanent mold." That the check was accepted and cashed by defendant.

The only basis for declaratory relief is found in the following allegations of the first cause of action:

"That from and after November 7, 1951, plaintiff has made numerous demands orally and in writing on defendant to return or permit the plaintiff to have picked up for return to plaintiff, f.o.b., Santa Monica, California, the said permanent mold owned by the plaintiff, and of which the plaintiff was and is entitled to possession; but the defendant failed and refused to return, or permit the plaintiff to have picked up for return to the plaintiff, the said permanent mold until July 16, 1952; and the plaintiff is informed and believes that defendant, Felton Aluminum Co., is making some claim against the plaintiff in connection therewith, the exact nature of which is unknown to plaintiff."

■ It is immediately apparent that the court below was correct in holding that plaintiff had failed to state a cause of action for declaratory relief. The allegations of the amended complaint in the first cause of action are that the dispute, if any, under the contract was settled by an accord and satisfaction *and by the return to plaintiff, prior to the filing of the amended complaint,* of the mold which defendant had been holding. The only controversy is "some claim" by the defendant, "the exact nature of which is unknown to plaintiff." The statements that plaintiff desires a declaration of its rights and that "this is a case of actual controversy" are meaningless. There cannot be a "controversy" where the plaintiff states that he does not know the nature of the defendant's claims, and the property in dispute has admittedly been delivered to the plaintiff.

In the second cause of action of the first amended complaint plaintiff sought damages for the alleged unlawful detention by the defendant of the mold, asserting that by reason thereof it lost an opportunity to sell 500 garbage disposal machines per month for seven months because, not having possession of the mold, it was unable to have modifications made thereon so as to produce therefrom modified castings

necessary for the manufacture of its garbage disposal machine.

Respondent filed no affidavits in support of its motion for change of venue except an affidavit that its principal place of business was Santa Clara County. It is appellant's position, in effect, that the court below erred in granting the motion in the face of the uncontradicted allegations of the complaint that the obligation was incurred and was to be performed in Los Angeles County. However, the allegations of the complaint show that the contract had been extinguished by an accord and satisfaction. As pointed out by respondent, appellant's second cause of action sounds in tort, for the unlawful detention of the mold. There is no allegation that respondent agreed to redeliver the mold in Los Angeles County. Section 1824 of the Civil Code provides that "A depositary must deliver the thing deposited at his residence or place of business, as may be most convenient for him." The court below, for the reasons heretofore stated, could properly disregard the attempted statement of a cause of action for declaratory relief under the contract in determining the motion for change of venue. Nowhere in the second cause of action is it alleged that defendant was under an obligation to deliver the mold to plaintiff in Los Angeles County or was under any obligation other than that provided in the aforesaid section 1824 of the Civil Code.

The Constitution of California (art. XII, § 16) provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." This section applies to tort as well as contract actions. (*Ray Wong* v. *Earle C. Anthony, Inc.*, 199 Cal. 15 [247 P. 894].)

In the instant action, however, the court was not confronted with an action upon contract, but, as heretofore pointed out, an action that sounded in tort. Under the second cause of action, upon which the court was to decide the issue of venue, it nowhere appears that the alleged unlawful detention of the property in question took place in any county other than the county of Santa Clara. It therefore follows that the tort having been committed, if at all, in the county of Santa Clara, that was the proper county in which the action should be tried.

Counsel in their briefs bring out an apparent conflict in the language of various decisions as to where the "burden of proof" lies when a motion for change of venue is made under circumstances such as are here presented. It is unnecessary, however, to go into this question. Respondent urges that the court below did not abuse its discretion, while appellant asserts that there was no conflict in the facts before the court and that the question was purely one of law. Respondent's position is well taken. As heretofore pointed out, the court had before it (excluding the attempted statement of a cause of action for declaratory relief) only the charge that the defendant corporation had wrongfully detained an item of personal property at its principal place of business, coupled with the fact that the principal place of business of such corporation was in Santa Clara County. The plaintiff could have met the motion for change of venue by affidavits setting forth that the unlawful detention took place in Los Angeles County or that the defendant was obligated to make delivery of the property in question in Los Angeles County, but this plaintiff failed to do. As a consequence, the court was obliged to arrive at its decision from the pleadings and the motion. In such circumstances, no abuse of discretion appears. And even though consideration be given to the attempted first cause of action, the court was confronted with the fact that the conclusions pleaded therein, that the contract was to be performed in Los Angeles County, were contradicted by the further allegations that with reference to the claimed breach of that contract, an accord and satisfaction had been entered into, which rendered meaningless the conclusion pleaded as to the place of performance.

Appellant's contention that there was an abuse of discretion in denying leave to file a second amended and supplemental complaint cannot be sustained. The trial court did grant leave to file an amended first cause of action of the first amended complaint, but appellant, so far as the record before this court indicates, did not avail itself of such leave. Neither is there anything in the record before us to show what the allegations of the proposed amended and supplemental complaint would be. In these circumstances, appellant has not met the burden resting upon him to show an abuse of discretion.

The judgments and orders of November 14, 1952, and the order of December 1, 1952, transferring the cause to the Superior Court of Santa Clara County, are, and each is, affirmed.

Doran, J., and Drapeau, J., concurred.