[Civ. No. 21397.    Second Dist., Div. Two.    Jan. 30, 1956.]

AMERICAN MISSION ARMY, INC. (a Corporation), Appellant, v. THE CITY OF LYNWOOD, Respondent.

Frank I. Hogan for Appellant.

Howard Hemenway, City Attorney, for Respondent.

MOORE, P. J.—The question for decision is whether special and general demurrers to the complaint were properly sustained.

The pleading alleges that plaintiff is a religious corporation; that it has applied to the city council of respondent for a permit and was refused; that a controversy has existed between the parties as to appellant's right "to solicit funds in the City of Lynwood for religious purposes, with or without a permit and as to whether the city has authority under the constitution and statutes of this state to forbid any person, lay or ministerial, from soliciting funds for religious purposes and for the purpose of spreading the gospel of Jesus Christ and the Christian religion." Other matters are declared as arguments and authority but they add no substance to the above quoted allegations. The demurrer alleges (1) the facts set forth in the complaint are insufficient to state a cause of action; (2) it is uncertain in that it cannot be ascertained therefrom how or in what manner a present legal controversy exists between the parties and whether or not plaintiff claims that it made application for a permit to solicit funds under some statute or ordinance requiring such an application for a permit or whether the city council of its own volition required such application to be filed or whether plaintiff voluntarily filed said application for a permit; that it cannot be ascertained whether the authority to issue such a permit vests in the chief of police or in the city council; nor can it be ascertained from the complaint in what manner the defendant is interfering with plaintiff in the solicitation of funds in the City of Lynwood; that it cannot be ascertained wherein the city council has no power to require a permit to be obtained to solicit funds for religious purposes.

Both the general and the special demurrers were sustained with leave to amend. But appellant refused to do so, declaring "we did not amend because there was nothing to amend."

By the title of appellant's complaint and by certain declarations thereof, and by its argument, appellant urges that its pleading is one for declaratory relief and demands a settlement of the controversy, that an injunction issue to

prevent interference with its statutory and constitutional rights and "mandatorily" to require the city to permit solicitation. ■ The purpose of the declaratory judgment is to serve some practical end in quieting a disputed jural relation. (*Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747].) ■ Unless all the allegations of a complaint show that an actual controversy does exist between the parties, there is no basis for declaratory relief. (See *Frasch* v. *London & Lancashire Fire Ins. Co.,* 213 Cal. 219, 225 [2 P.2d 147].)

■ If appellant's purpose was to have its rights declared under the laws of California, it was incumbent upon appellant to specify with particularity the details of the ordinance which it contends are invalid or the act of a city official which it contends was unlawful. Having failed to allege any such details appellant is not entitled to declaratory relief. (See *Max Factor & Co.* v. *Kunsman,* 5 Cal.2d 446, 460 [55 P.2d 177]; *Ex parte Nowak,* 184 Cal. 701 [195 P. 402].) ■ Of course, where a pleading fails to allege that an ordinance requiring a corporation to obtain a permit to solicit funds is invalid, then it is presumed to have been enacted in compliance with the organic law. If an ordinance is so framed, it is valid; if not, its vice should be designated with clarity.

While appellant's brief, as well as complaint, has much to say about "free speech, free press and free religion," it does not thereby supply to the pleading the essential declarations that might make it a valid pleading. Although it alleges that it is a religious corporation, still it does not state such facts as would declare a justiciable controversy and warrant declaratory relief. ■ To say that a controversy exists is a mere conclusion; it is not a statement of ultimate facts that are indispensable to a valid pleading. No facts are alleged that would constitute a justiciable legal controversy. (*Ephraim* v. *Metropolitan Trust Co.,* 28 Cal.2d 824, 836 [172 P.2d 501]; *City of Alturas* v. *Gloster,* 16 Cal.2d 46, 48 [104 P.2d 810]; *Merkley* v. *Merkley,* 12 Cal.2d 543, 547 [86 P.2d 89].)

Appellant had much to say in both its written and oral arguments about the freedom of religion as though respondent had denied it and its votaries the exercise of their rights freely to assemble, or to worship, or to publish articles of faith. ■ Religious freedom is not in the slightest degree here involved. The city, presumably under a valid ordinance,

requires any religious or cultural group to obtain a municipal license to canvass the populace within city limits in quest of money or other forms of property. The activities of any religious group may be supervised in its use of city streets and in its dealings with the citizenry, just as those of the junk dealer, the mortician or the lawyer. No organization may hoist its white flag of religious consecration and zeal for service to mankind and thereby exempt itself from obedience to municipal regulations so long as the latter are enacted without disparagement of any cult or creed. Laws are enacted for the purpose of conserving an orderly society and not of depriving the people of expressing their honorable aspirations.

The demurrers to the complaint having been correctly sustained and appellant having refused to amend, the order dismissing the action is affirmed.

Fox, J., and Ashburn, J., concurred.

A petition for a rehearing was denied February 15, 1956.