[Civ. No. 23490. Second Dist., Div. One. May 18, 1959.]

GERALD DUNITZ et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

Dunlap, Holmes, Ross & Woodson for Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Marcus E. Crahan, Jr., Deputy City Attorney, for Respondents.

NOURSE, J. pro tem.*—Plaintiffs appeal from a judgment dismissing the action entered after defendants' demurrer to

*Assigned by Chairman of Judicial Council.

the complaint as amended had been sustained without leave to amend.[1]

By their complaint plaintiffs sought to have the court declare "that Sections 91.0103, 96.101, 96.101.2, 96.112, 96.119 and 96.121 of the Los Angeles Municipal Code" as interpreted and applied by the defendants are invalid and unconstitutional and to have the court declare the proper meaning thereof and to enjoin the defendants from prosecuting certain proceedings against the property of the plaintiffs otherwise than in conformity with the meaning and interpretation given to the said code sections of the municipal code by the court.

We have reached the conclusion that the lower court properly exercised its discretion under section 1061 of the Code of Civil Procedure in sustaining the demurrer and thereby denying the plaintiffs declaratory relief. ■ Whether declaratory relief should be granted is a matter within the trial court's discretion and its denial of that remedy will not be disturbed on appeal unless it is clearly shown that the discretion was abused. (*Hannula* v. *Hacienda Homes, Inc.*, 34 Cal. 2d 442, 448 [211 P.2d 302, 19 A.L.R.2d 1268]; *California Physicians' Service* v. *Garrison*, 28 Cal.2d 790, 801 [172 P.2d 4, 167 A.L.R. 306]; *Moss* v. *Moss*, 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422].)

■ By the complaint as amended plaintiffs allege in substance that they are the owners of approximately 12¼ acres of land situate in the manufacturing district of the city of Los Angeles and that there are approximately 30 buildings of various ages and types of construction situate thereon; that this property has a value in excess of one million dollars. That prior to the commencement of this action they received notices from the Department of Building and Safety of the defendant city that the building inspectors of the city had filed with the Board of Building and Safety Commissioners of the city of Los Angeles reports as to the condition of said buildings and that the board had determined that there was probable cause to believe that each of the buildings and structures described in the notices was a "dangerous" building and ordered plaintiffs to show cause before the board at a time fixed in the notice, why said buildings or structures "should not be condemned as a public nuisance and said nuisance be abated by reconstructing or properly repairing said building or by razing or

---

[1]Appellants make no contention that the court abused its discretion in denying them leave to amend and to the contrary waive any such grounds for reversal.

removing same.'' That as to three of the buildings they have received notices which conclude as follows:

''Whereas the above-enumerated dangerous and hazardous conditions exist in these buildings to such an extent that these are dangerous buildings and it is impossible to repair these buildings so that they will no longer exist as dangerous buildings and as nuisances without reconstructing them; and, THEREFORE, a hearing has been set before the Board of Building and Safety Commissioners to determine whether or not an order should be issued to vacate and demolish said buildings.''

While it is alleged in the complaint that in the notices served upon appellants, 340 deficiencies in the buildings are specified, the complaint does not allege what the nature or character of the deficiencies specified in the notices are and it is impossible to determine whether the deficiencies claimed are due to deterioration of the buildings as erected or due to the failure of said buildings to comply with the existing building code or are deficiencies which create fire or health hazards and public nuisances in fact.

The complaint further alleges that during the two years last past the defendants have pursued a program known as a ''rehabilitation survey'' and have instituted proceedings ''against owners of buildings that could not be presently constructed under existing law of the kind of materials and embodying certain features of design that are characteristic of older type buildings'' and in said proceedings have required owners ''to defend their said buildings against the claim by defendants that the same are 'nuisances,' as defined in said Sections 96.101 to 96.128 [of the municipal code], because they are built of such materials and embody such features of design that they do not and cannot, without virtual reconstruction, be made to comply with the law now regulating the construction of new buildings in the same location.'' That in many of the proceedings the property owners have been ordered by the defendants to demolish the existing buildings upon the grounds above stated; that the proceedings pursued by the defendants in the present case follow the same pattern as initiated by the defendants against other property owners; that the 18 cases in which demolition had been ordered the superior court had granted peremptory writs of mandate annulling orders for demolition.

The complaint further alleges that in order to defend the proceedings before the board it would be necessary for plain-

tiffs to expend not less than the sum of $25,000. The complaint then alleges that numerous controversies exist between plaintiffs and defendants in relation to the meaning and application of the sections of the municipal code first above mentioned.

It would unduly prolong this opinion and serve no useful purpose to state in detail the controversies that are alleged to exist between the parties. Suffice it to say that none of them states a present existing controversy based upon facts alleged to exist in the present proceedings to which any declaratory decree could be addressed. This is so because it cannot be determined from the complaint what the nature or character of the deficiencies in the plaintiffs' buildings are asserted to be and it cannot therefore be determined whether the plaintiffs will be adversely affected by the numerous sections of the ordinance here attacked, in the proceedings commenced by the defendants. What the plaintiffs seek in this action is not a declaration of their rights under the ordinance as applied to a definite factual situation but is an advisory opinion from the court as to the validity and meaning of the numerous sections of the code attacked. For example, it is alleged that the defendants contend that some of the buildings situated upon the plaintiffs' property are dangerous as that term is defined in section 96.101 and are, therefore, nuisances under section 96.101.2 of the municipal code, and that because certain of the materials of construction in said buildings and certain features of their design are such that they cannot without substantial reconstruction be made to conform to the standards required by existing law, said buildings may be ordered to be demolished at the expense of the plaintiffs and that said expense may be imposed by assessment as a lien against the property of the plaintiffs and that the defendants construe sections 91.0103 and 96.101-128 as authorizing retrospective application of the present building code to buildings erected prior to the enactment of that code, while the plaintiffs contend that the ordinance cannot declare buildings to be a nuisance because the material or features of design may not comply with the present building code regulating the construction of new buildings and that the ordinance cannot declare that to be a nuisance which is not in fact a nuisance. Yet there is no showing that the defendants in the present proceedings assert deficiencies in plaintiffs' buildings because the material of which they are constructed or their design does not comply with the present building code regulating the construction of new buildings in the same district or seek the demolition of plaintiffs' buildings

because of such conditions. We cannot assume that the defendants will, in the pending proceedings, attempt to order the demolition of plaintiffs' buildings without first proving by competent evidence that plaintiffs' buildings are nuisances in fact which cannot from a practical standpoint be remedied by alteration or repair. We must assume that the defendants will not ignore the judgment of this court as set forth in *Armistead* v. *City of Los Angeles*, 152 Cal.App.2d 319 [313 P.2d 127].

■ The defendant city has the power through its administrative agency to abate nuisances and within constitutional limits to force property owners to abate conditions which in fact constitute nuisances or hazards to the public health or safety and neither this court nor could the trial court assume that in the present proceedings the defendants will attempt to exercise the police power of the city beyond its constitutional limits. If they should do so the plaintiffs have an adequate remedy under section 1094.5 of the Code of Civil Procedure and if in such proceedings the decision should be adverse to them, by appeal from such decision.

■ The trial court properly refused to undertake by declaratory judgment[2] to define in the abstract the meaning of the numerous provisions of the ordinance under consideration or the constitutionality of their application by the defendants. (*Monahan* v. *Department of Water & Power*, 48 Cal.App.2d 746 [120 P.2d 730] ; *Conroy* v. *Civil Service Com.*, 75 Cal.App.2d 450, 456 [171 P.2d 500].) To do so would amount to an attempt by the court to, through its decision, amend the ordinance under the guise of interpretation and lay down rules which would govern the local administrative body, not alone as to the present litigants but as to all similar matters.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied June 15, 1959, and appellants' petition for a hearing by the Supreme Court was denied July 15, 1959.

---

[2]The extended and erudite opinion filed by the trial court does not constitute such a judgment.