[Civ. No. 18326.    First Dist., Div. Two.    June 10, 1959.]

F. M. SCHAFER et al., Appellants, v. WHOLESALE FROZEN FOODS, INC. (a Corporation) et al., Respondents.

Wallace S. Myers for Appellants.

Fred Leuenberger and Herbert Chamberlin for Respondents.

DRAPER, J.—General demurrer to plaintiffs' second amended complaint was sustained with leave to amend. Plaintiffs elected to stand upon their pleading, judgment of dismissal was entered, and they appeal.

Appellants were lessees of a building used for storage of frozen foods. In 1952 respondent Wholesale Frozen Foods, Inc., assumed the rights and duties of the then sublessee. The individual respondents guaranteed performance of the sublease by the assignee, Wholesale. Wholesale paid no rent after May, 1953. Appellants recovered judgment for $17,600 against the present respondent for rental due under the sublease from June 1, 1953, to April 1, 1954. That judgment was affirmed. (*Schafer* v. *Wholesale Frozen Foods, Inc.*, 151 Cal.App.2d 96 [311 P.2d 184].) Before decision upon that appeal, the present action was brought for rent accruing from May 1, 1954 to the end of the term.

The first two causes of action seek rentals, or damages for failure to pay rent, under the sublease from May 1, 1954, to the end of the term. Respondents do not question that each of these counts, considered alone, states a cause of action. They argue, however, that the original complaint in the case at bar affirmatively shows that the master lease between owners and appellants was terminated April 22, 1954, and that thus no rentals could accrue under the sublease on or after May 1, 1954.

The rule is clear that if the original complaint contained allegations which rendered it vulnerable to general

demurrer, the defect cannot be cured simply by omitting such allegation in a later pleading. (*Wennerholm* v. *Stanford University Sch. of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].) Thus if the original complaint here does allege termination of the master lease before the period for which rentals are now sought from the sublessee, respondents' position is sound.

■ However, we do not find that the allegations of the original complaint have the effect attributed to them by respondent. That complaint alleged that Wholesale had withheld payment of rent under the sublease, knowing that plaintiffs had no other source of funds for payment of the continuing rentals falling due to the owners, for the purpose of causing plaintiffs to breach their master lease. The original complaint then alleged that plaintiffs had been served by the owners with a notice to pay rent or quit, and that sublessee "against the will of plaintiffs, and without right, delivered up to Owners the possession of the demised premises, by delivering to Owners the key to said premises, and the said premises." In the previous litigation between the same parties concerning the same sublease, a like contention was made by the present respondents. There the trial court found that defendants "delivered the key to the master lessors . . . , without the knowledge or consent of plaintiffs, and that thereafter the master lessors occupied and continued to occupy the premises" (*Schafer* v. *Wholesale Frozen Foods, Inc.,* 151 Cal.App.2d 96, at 101 [311 P.2d 184]). That finding was more favorable to present respondents than are the allegations of the original complaint here, for it found that the master lessors "occupied and continued to occupy the premises," an element lacking in the complaint before us. Nevertheless, the appellate court held that the finding did not require the conclusion that the master lease then terminated. On the contrary, it pointed to the options granted to lessor by the master lease (the same one here involved) and held that "there was no sufficient basis for declaring the lease forfeited or cancelled" (p. 101). This determination is conclusive here. The claimed termination of the master lease does not appear upon the face of the original complaint, and thus does not render the second amended complaint vulnerable to demurrer. This is an issue which, if raised by the answer, is to be determined by the trial court.

■ The third count of the second amended complaint

seeks declaratory relief as against the owners (not parties to this appeal) as well as respondents. It alleges that the owners claim the premises were damaged in an amount in excess of $2,400 during the subtenancy of respondents and their predecessors in interest under the sublease, and have made demand upon plaintiffs for payment of such damages; that plaintiffs assert that if damage were done, respondents are liable therefor; that respondents deny such liability. It prays for a declaration as to whether damage was done, and if so whether respondents are liable for it. Respondents contend that this pleading fails to allege the existence of an actual controversy. We cannot agree. These allegations are clearly distinguishable from the vague and wholly incomplete assertions of controversy discussed in the cases relied upon by respondent. (*American Mission Army, Inc.* v. *City of Lynwood*, 138 Cal.App.2d 817 [292 P.2d 533]; *E. M. Cotton etc. Inc.* v. *Felton Alum. Co.*, 124 Cal.App.2d 546 [269 P.2d 64].) This count might well be subject to special demurrer for its failure to describe, even in general terms, the damage asserted by the owners. But there was no special demurrer as to this or any other count of the complaint. The count is not vulnerable to general demurrer.

Judgment reversed, with directions to overrule the demurrer as to all three counts.

Kaufman, P. J., and Dooling, J., concurred.