[Civ. No. 26690. Second Dist., Div. Four. June 12, 1963.]

PHILL SILVER, Plaintiff and Appellant, v. THE CITY OF LOS ANGELES et al., Defendants and Respondents.

†Formerly Rules on Appeal, rule 26(c).

Phill Silver, in pro. per., for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and Ralph J. Eubank, Assistant City Attorneys, Adams, Duque & Hazeltine, Henry O. Duque and Bruce A. Beckman for Defendants and Respondents.

BURKE, P. J.—Plaintiff instituted a taxpayer's suit for declaratory relief seeking to nullify, as unconstitutional, City of Los Angeles Ordinance No. 118900 relating to rubbish collection, and to set aside a contract awarded for the sale of metals collected.

Plaintiff has made six separate but futile attempts to state a cause of action by filing various amendments and supplements to his original complaint. Ultimately a general demurrer was sustained to his third amended and supplemental complaint, without leave to amend. Judgment was entered dismissing the action with prejudice, from which judgment plaintiff appeals.

Four causes of action are asserted by plaintiff:

1. The ordinance is invalid because (a) it is unreasonable; (b) it violates public policy; (c) it is not for the preservation of the health and convenience of the city but for the benefit of a private corporation; (d) it is not a proper revenue measure; (e) it is impractical in compliance and impossible in performance; (f) it is ultra vires; (g) it is an improper police regulation to raise revenue; and (h) it subjects the citizenry to greater, not less, inconvenience, in requiring greater accumulations of exposed tin cans containing food particles, offensive in odor, more attractive to flies, rodents and vermin, and accordingly more dangerous to the health of the city.

2. The ordinance is unconstitutional because it excludes hotels, motels and trailer courts.

3. The city may not validly contract for the sale of the metal (mostly tin cans) under such an invalid ordinance.

4. The ordinance incites to damage suits against the city for unconstitutional discrimination against certain groups such as hotels and motels.

Plaintiff argues that as long as his complaint alleges the

existence of an actual controversy and raises questions of fact his case should have been tried on the merits. As questions of fact purportedly raised he enumerates: (1) the segregation of metals is not a health measure but was enacted for the benefit of a private corporation; (2) the garbage collection as required increases the accumulations of rotting food particles and is a greater menace to health; (3) householders are subjected to increased expense (requiring purchase of new receptacles); (4) the ordinance was intended as a revenue measure; (5) greater inconvenience is caused; and (6) the comfort of the citizenry is disturbed by increasing offensive and unwholesome odors; from all of which plaintiff concludes the ordinance is fatally unreasonable, ultra vires, and therefore invalid.

■ A trial court may properly sustain a general demurrer to a declaratory relief action without leave to amend when the controversy presented can be determined as a matter of law. ■ The city council had full power to adopt an ordinance changing the frequency of the collection of garbage, combustible and noncombustible rubbish, and decreasing the amount of segregation of rubbish to be required of householders as a condition to municipal collection thereof. (Cal. Const., art. XI, §§ 6, 8 and 11; Los Angeles City Charter, § 2, subds. (4), (6), (9), (11)b; § 3, subd. (14); *City of Glendale* v. *Trondsen*, 48 Cal.2d 93 [308 P.2d 1]; *In re Zhizhuzza*, 147 Cal. 328 [81 P. 955]; *In re Pedrosian*, 124 Cal.App. 692, [13 P.2d 389]; *In re Santos*, 88 Cal.App. 691 [264 P. 281].)

Thus, while a city may provide exclusive regulations for the disposal of garbage and rubbish as a proper exercise of its police power, under the authorities just cited, we note that the ordinance under attack here does not regulate the collection and disposal of garbage and rubbish. It provides a municipal service without a direct collection charge to the householders which they are free to use or not use. It does not create an exclusive method; the householders may make other arrangements, with private collectors to collect as their agents, if they desire. The ordinance establishes the city policy of collection of waste materials by municipal forces.

Essentially, plaintiff challenges the city's power of enactment of the ordinance in question. One of the earliest California decisions, *In re Zhizhuzza, supra,* 147 Cal. 328, 335, held: "The removal and disposition of garbage, as well as the regulation of slaughter-houses in cities and towns, is peculiarly a subject of municipal control, as without proper regulation

either might become an intolerable nuisance and dangerous to the health and lives of the citizens.''

In its decision in the case just cited the court upheld an ordinance of the City of Oakland providing that the city shall have the exclusive right to gather and collect garbage. Later cases follow this holding. (*Matula* v. *Superior Court*, 146 Cal.App.2d 93 [303 P.2d 871] ; *In re Sozzi*, 54 Cal.App.2d 304 [129 P.2d 40] ; *Glass* v. *City of Fresno*, 17 Cal.App.2d 555 [62 P.2d 675].)

The courts have evolved a simple test to determine whether an ordinance constitutes a valid exercise of the police power: (a) Is its object a proper governmental objective, and (b) if so, are the means chosen reasonably related to that objective? (*Jacobson* v. *Massachusetts*, 197 U.S. 11 [25 S.Ct. 358, 49 L.Ed. 643] ; *Allied Properties* v. *Department of Alcoholic Beverage Control*, 53 Cal.2d 141 [346 P.2d 737].)

The California Supreme Court stated the matter as follows in *Southern Pac. Co.* v. *Railroad Com.*, 13 Cal.2d 89 [87 P.2d 1055], at page 121: ''Primarily, in the enactment of a statute the question of its reasonableness is one for prior legislative determination, and ordinarily the legislative conclusion in that respect is regarded as final. It will be disturbed by a contrary judicial conclusion in that regard only when the questioned legislation is so manifestly unnecessary for the promotion or the preservation of the public welfare that the tribunal charged with the duty of adjudicating the matter may fittingly declare that no rational ground existed as a reason for its enactment. . . .''

There can be no question that a proper governmental objective under the police power is served by the ordinance in question in providing a municipal rubbish and garbage collection and disposal service for the citizens. In determining whether the means provided in the ordinance are reasonably designed to accomplish that objective, the determination of the legislative body is conclusive. (*Wholesale Tobacco Dealers Bureau* v. *National Candy & Tobacco Co.*, 11 Cal.2d 634 [82 P.2d 3, 118 A.L.R. 486] ; *Max Factor & Co.* v. *Kunsman*, 5 Cal.2d 446 [55 P.2d 177].)

No householder has a vested right in the initiation or continuance of a municipal service for disposal of waste. It is the householders' duty to dispose of household waste in a manner not violative of laws and ordinances prohibiting the maintenance of nuisances and safeguarding public health. The provisions in the ordinance for wrapped garbage and water-

tight receptacles with tight-fitting lids are specially directed to the sanitary feature of the program serving the public health. Since the service is not mandatory, but relieves the householder of his duty to privately dispose of his waste, and in the opinion of the legislative body is sufficiently frequent for purposes of public health and convenience, the ordinance, under the above cited authorities, may well be considered as a matter of law to be entirely valid and not violative of any constitutional mandates.

■ Plaintiff's contentions that the ordinance was intended for the financial benefit of a private corporation (the Los Angeles By-Products Co.) and that it was intended solely as a revenue measure are without legal effect. No evidence would have been admissible to support them. In *Sunny Slope Water Co. v. City of Pasadena,* 1 Cal.2d 87, 99 [33 P.2d 672], the court states: " . . . the purpose or motive of the city officials in passing an ordinance is irrelevant to any inquiry concerning the reasonableness of the ordinance. . . . 'If the conditions justify the enactment of the ordinance, the motives prompting its enactment are of no consequence. If the conditions do not justify the enactment, the inquiry as to motive becomes useless.' " The assigned motive or purpose of various city officials in passing a zoning ordinance was irrelevant to any inquiry concerning its reasonableness in municipal overall planning. (See also *McCarthy v. City of Manhattan Beach,* 41 Cal.2d 879, 894-895 [264 P.2d 932].)

■ In any event, there is no proscription in the law against an ordinance performing the dual functions of taxation and regulation.

"In the foregoing discussion we have assumed that the charge for the rubbish collection system is a charge for a service under the police power and valid as such but it is also valid if designated as a tax. As seen, the city has powers of taxation except as limited by its charter and the Constitutions, state and federal. While the ordinance has many police regulations as above shown, there is no obstacle to it performing both functions, taxation and regulation, and it may be upheld as valid under either or both powers. (See *Redwood Theatres, Inc. v. City of Modesto,* 86 Cal.App.2d 907 [196 P.2d 119]; . . .)" (*City of Glendale v. Trondsen, supra,* 48 Cal.2d 93, 103.)

■ Assuming the ordinance here to be a revenue measure, which would be a valid purpose, the wisdom of the ordinance is a matter of legislative, not judicial concern, (*Agricul-*

*tural Prorate Com.* v. *Superior Court,* 5 Cal.2d 550, 579 [55 P.2d 495] ; *Lynch Meats of Oakland, Inc.* v. *City of Oakland,* 196 Cal.App.2d 104, 109 [16 Cal.Rptr. 302].)

As stated in *Nebbia* v. *New York,* 291 U.S. 502 [54 S.Ct. 505, 78 L.Ed. 940, 89 A.L.R. 1469], at page 537: ''With the wisdom of the policy adopted, with the adequacy or practicability of the law enacted to forward it, the courts are both incompetent and unauthorized to deal.''

The segregation of the waste is also a matter for the determination of the city's legislative body which apparently it considered expedient for reasons of efficiency and economy, permitting the city to recoup some of the expense of collection by sale of the by-products. Furthermore, the city could place the entire burden of waste disposal directly on each householder and regulate the method thereof in the public interest if the legislative body so determined. (*California Reduction Co.* v. *Sanitary Reduction Works,* 199 U.S. 306 [26 S.Ct. 100, 50 L.Ed. 204].)

Plaintiff's repeated allegations that the ordinance creates a menace to public health by increasing accumulations of garbage over longer periods between pickups are conclusionary and hypothetical and do not present a justiciable controversy justifying the interposition of a declaratory judgment in view of the binding effect of the legislative action taken by the city council. (*City of Alturas* v. *Gloster,* 16 Cal.2d 46 [104 P.2d 810] ; *American Mission Army, Inc.* v. *City of Lynwood,* 138 Cal.App.2d 817 [292 P.2d 533].)

The ordinance must be manifestly unnecessary to warrant judicial nullification. (*Southern Pac. Co.* v. *Railroad Com., supra,* 13 Cal.2d 89, 121.)

Section 1061 of the Code of Civil Procedure provides: ''The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances.''

While such discretion must be exercised in a legal and judicial manner, where the complaint is devoid of facts showing the necessity or propriety of a declaration it is not reversible error per se to refuse declaratory relief by an order sustaining a general demurrer without leave to amend. (*Lord* v. *Garland,* 27 Cal.2d 840, 852 [168 P.2d 5] ; *Moss* v. *Moss,* 20 Cal. 2d 640 [128 P.2d 526, 141 A.L.R. 1422] ; *Dunitz* v. *City of Los Angeles,* 170 Cal.App.2d 399 [338 P.2d 1001].)

Where plaintiff makes no case on the merits and a

142

declaratory relief action would merely produce a useless trial, a dismissal is proper. (*People* v. *Ray*, 181 Cal.App.2d 64, 67-68 [5 Cal.Rptr. 113]; *Konecko* v. *Konecko*, 164 Cal.App.2d 249, 253 [330 P.2d 393].)

 Plaintiff's charge of unconstitutional discrimination in the ordinance which expressly excludes hotels, motels and trailer courts, if the ordinance is construed to include apartment houses and apartment hotels, is also hypothetical and therefore untenable. It is not within the scope of matters as to which a declaratory judgment may be rendered. (Code Civ. Proc., § 1060; *Merkley* v. *Merkley*, 12 Cal.2d 543, 547 [86 P.2d 89]; *Silva* v. *City & County of San Francisco*, 87 Cal.App.2d 784, 789 [198 P.2d 78].) Such a classification, in any event, is valid. The distinction between residents and transients is reasonable, intrinsic and natural. (*Gowens* v. *City of Bakersfield*, 193 Cal.App.2d 79 [13 Cal.Rptr. 820]; *McClain* v. *City of South Pasadena*, 155 Cal.App.2d 423 [318 P.2d 199].) Further, plaintiff may not assert the point in this proceeding because he is not within the class of persons allegedly discriminated against. (*Ray* v. *Parker*, 15 Cal.2d 275, 282-283 [101 P.2d 655].)

 Since the ordinance is valid, plaintiff's contentions that the contracts for the sale of the metals are invalid are without merit. Actually, were the ordinance invalid such contracts would remain valid because not dependent upon the ordinance. Such contracts are executed under separate authority found in the City Charter, section 394, and Ordinance No. 52,230, as amended, which provide for the sale of personal property by the city.

 The conclusionary allegation that the ordinance was intended for the financial benefit of a private corporation is inadequate to state a cause of action for fraud as the basis of a taxpayer's suit, the facts constituting the fraud being required to be specifically alleged. (*Hodgeman* v. *City of San Diego*, 53 Cal.App.2d 610 [128 P.2d 412].)

 The trial court was entirely correct in its conclusions. A trial on the purported issues alleged would be a useless formality; no abuse of discretion is shown in the case.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 7, 1963.