[Crim. No. 18096. Second Dist., Div. One. June 18, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
GLENN HERBERT MUELLER et al., Defendants and Appellants.

## COUNSEL

Raymond L. Winters for Defendants and Appellants.

A. Roger Sailors, City Attorney, and Robert Short, Deputy City Attorney, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Appellants Mueller and Hines were each convicted in the Municipal Court of the South Bay Judicial District of two violations of section 12-4.204(d) of the Municipal Code of the City of Redondo Beach. The convictions were reversed by the Appellate Department of the Los Angeles Superior Court which, on its own motion, certified the matter to this court. We affirm the judgments of conviction.

The cases at bench were tried in the municipal court upon the basis of stipulated facts as follows: King Harbor is a harbor entirely within the city limits of the City of Redondo Beach and is subject to the laws of that city. Appellants are licensed commercial fishermen. On the nights of November 12, 1969, and November 14, 1969, they were engaged in fishing for mack-

erel in an area of King Harbor commonly known as "the bubble hole." Their method of fishing employed a light suspended over the water. They threw "chum" into the water within the lighted circle and scooped up fish attracted to the surface by the chum using net-like chicken wire scoops on the end of long poles. The chum consisted of pieces and particles of dead fish not attached to a hook or otherwise confined. On the nights of November 12 and 14 appellants averaged a catch of 1,600 pounds per night.

Commercial fishermen find the bubble hole a desirable place to fish because warm water discharged there from the cooling process of the Southern California Edison Company steam plant attracts fish in quantity.

King Harbor is formed by a breakwater. Within the harbor there are marinas in which small boats are berthed. Adjacent to the inner harbor there are a hotel, restaurants, and a salt water pool. About 200 families live on boats docked at the marinas. Approximately one-third of the people having boats docked at the marinas spend the weekend on them. Fishing by surf casting is performed by a number of people from the breakwater.

The City of Redondo Beach duly enacted section 12-4.204 of its Municipal Code. That section reads: "It shall be unlawful for any person to:

"(a) *Refuse matter:* Throw, discharge, deposit, or leave, or cause to be thrown, discharged, deposited, or left, any refuse matter of any description into the waters of the Harbor, and it shall be unlawful to discharge, or cause to be discharged or deposited, material of any kind in any place in the City where the same shall be liable to be washed into the Harbor;

"(b) *Dead animals:* Throw, place, or introduce any dead animal or putrefying matter into the waters of the Harbor, or on or along the shore thereof or upon any land around the Harbor;

"(c) *Garbage, refuse, and waste matter:* Leave or allow to remain in any boat garbage, refuse, waste matter of any description, or any other property, material or substance on or upon the shores or lands of the Harbor. Any person violating the provisions of the sub-section shall be subject to the penalty provisions of this Code and, in addition thereto, the Harbor Master may remove such material with or without notice. Any costs of removing such material may be recovered by the City from the person found guilty of violating the provisions of this sub-section; and

"(d) *Disposal of bait:* No person shall place or allow to be placed any live or dead bait in the unconfined harbors of the Harbor except when such bait is attached to a hook in the act of fishing."

Appellants were charged with violating subsection (d) of the quoted

ordinance by reason of their fishing activity on November 12, 1969, and November 14, 1969. They were found guilty in the municipal court and perfected the appeal which is now before us.

### Issues on Appeal

Appellants contend: (1) Subsection (d) of the ordinance does not proscribe the act with which they are charged, and (2) the ordinance, if applicable to the act of fishing, is invalid because it invades an area of regulation preempted by state law.

### Application of Subsection (d) of the Ordinance

Subsection (d) of section 12-4.204 of the Redondo Beach Municipal Code reads: "(d) *Disposal of bait:* No person shall place or allow to be placed any live or dead bait in the unconfined harbors of the Harbor except when such bait is attached to a hook in the act of fishing." Appellants contend that their conduct in throwing chum into the unconfined harbor in order to attract fish was not the disposal of bait, but rather was an act of fishing. The contention must be rejected.

The title of an enactment does not control the clear meaning of a statute. (*In re Bandmann,* 51 Cal.2d 388, 392 [333 P.2d 339].) The ordinance upon which the charge in the case at bench is based is clear in its meaning. It prohibits the placing of bait in the harbor unless the bait is attached to a hook. The dictionary definition of "bait" is "something used in luring especially to a hook or trap." (Webster's Seventh New Collegiate Dictionary.) The stipulated facts of the case at bench disclose that appellants threw particles of dead fish into the water for the purpose of luring fish so that they could be brailed by appellants. Clearly, appellants violated the express terms of subsection (d) of the ordinance.

### Preemption

While not contending that the ordinance is in direct conflict with state law, appellants argue that, to the extent that subsection (d) constitutes a limitation upon methods of fishing, it is void because it invades an area of regulation preempted by the state Fish and Game Code. That argument also must be rejected.

Preemption by state law exists if one of three tests is met: "(1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not

tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the municipality." (*In re Hubbard,* 62 Cal.2d 119, 128 [41 Cal.Rptr. 393, 396 P.2d 809]; see also *Galvan* v. *Superior Court,* 70 Cal.2d 851, 859-860 [76 Cal.Rptr. 642, 452 P.2d 930].) Redondo Beach Municipal Code section 12-4.204(d) does not satisfy any one of those tests.

The determination of whether the state has fully and completely occupied an area of the subject matter of legislation to the exclusion of local regulation is made by reference to the whole purpose and scope of the legislative scheme. (*Galvan* v. *Superior Court, supra,* at p. 859.) The purpose and scope of the legislative scheme pertinent to the case at bench is the prevention of pollution of the waters of King Harbor. Appellants have cited to us no authority, and our research has disclosed none, which indicates that the field of prevention of local water pollution has been preempted by state law. Nor have we found anything in the state statutes from which a state intention to preempt the field can be constructed.

We thus conclude that the pertinent ordinance of the City of Redondo Beach does not invade an area so fully and completely covered by state law as to indicate that it has become exclusively a matter of state concern. Appellants argue that the state Fish and Game Code so fully occupies the field of regulation of fishing as to preempt it to the exclusion of local legislation. It seems true that the state has preempted the field of regulation of fishing. (*Ex Parte Bailey,* 155 Cal. 472 [101 P. 441]; *In re Cencinino,* 31 Cal.App. 238 [160 P. 167]; *Bohn* v. *Albertson,* 107 Cal.App.2d 738 [238 P.2d 128].) That proposition, however, is not determinative of the validity of the challenged ordinance. Preemption by the state of an area of the law does not preclude local legislation enacted for the public safety which only incidentally affects the preempted area.[1] Protection against pollution equates with protection of the public safety.

The effect of the challenged subsection (d) of Redondo Beach Municipal Code section 12-4.204 upon fishing is incidental to the principal purpose of the legislation, the prevention of pollution. Coverage of the field of regulation of fishing by the state Fish and Game Code, thus, does not invalidate the local ordinance. Neither do the other tests set forth in *In re Hubbard, supra.* Nothing in the state law disclosed by our research or cited in the briefs indicates that the state has in any degree covered the subject matter of

---

[1]It seems beyond question, for example, that a municipality is empowered to prohibit fly casting from crowded piers or docks to protect members of the public from being snagged by a low back cast.

the pertinent ordinance in terms which clearly indicate that a paramount state concern will not tolerate further or additional local action. Neither is there any indication that the challenged ordinance will have an effect on transient citizens of the state which will outweigh the possible benefit to the municipality. We conclude, therefore, that the municipal ordinance under which appellants have been charged and convicted is valid.

### Conclusion

The judgments are affirmed.

Wood, P. J., and Wells, J.,* concurred.

A petition for a rehearing was denied July 6, 1970, and appellants' petition for a hearing by the Supreme Court was denied August 12, 1970.

---

*Assigned by the Chairman of the Judicial Council.