[Civ. No. 14277. Fourth Dist., Div. One. July 16, 1976.]

PAUL C. SIEVERT et al., Plaintiffs and Appellants, v.
CITY OF NATIONAL CITY, Defendant and Respondent.

**COUNSEL**

Scrim & Walters and Robert R. Scrim for Plaintiffs and Appellants.

Jennings, Engstrand & Henrikson and C. Michael Cowett for Defendant and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Paul C. Sievert and Michael D. Leggett, doing business as Sievert-Leggett Medical Transfer (Sievert-Leggett), plaintiffs, appeal the granting of a judgment on the pleadings in favor of the City of National City, defendant. Sievert-Leggett's motion for summary judgment was denied.

The facts are not in dispute. Sievert-Leggett operates a state-licensed ambulance service based in Poway. It wishes to do business in National City and has applied for a certificate of public convenience and necessity as required by National City. However, the city denied its application because "the existing ambulance service, available to the public within the City of National City is adequate to meet the public demand for such service." (Ord. No. 1339, art. III, § 6(d).)

As a result of being denied the certificate, Sievert-Leggett cannot "engage in the business of operating an ambulance" within National City (Ord. No. 1339, art. III, § 1). It challenges the validity of section 6(d).

■ Although regulating the operation and equipment of ambulances, as well as certification of ambulance drivers, is generally a function of the state, Vehicle Code section 2512 specifically allows local authorities to adopt more restrictive regulations, and refutes Sievert-Leggett's contention the area has been pre-empted by state law (*People* v. *Mueller,* 8 Cal.App.3d 949, 953-954 [88 Cal.Rptr. 157]).

We must still consider whether the object of the ordinance is one for which the police power may be properly invoked, and if so, whether the ordinance bears a reasonable relation to that objective (*Silver* v. *City of Los Angeles,* 217 Cal.App.2d 134, 139 [31 Cal.Rptr. 545]; *Thain* v. *City of Palo Alto,* 207 Cal.App.2d 173, 186 [24 Cal.Rptr. 515]).

■ The use of public streets for private enterprise is a special privilege peculiarly subject to regulation, and may be withheld on reasonable grounds related to public safety, health and welfare. There is no vested or constitutional right to use a public street for conducting private business (*People* v. *Galena,* 24 Cal.App.2d Supp. 770, 775 [70 P.2d 724]; *People* v. *Amdur,* 123 Cal.App.2d Supp. 951, 964 [267 P.2d 445]; McQuillin, Municipal Corporations, (3d ed.) § 24.669).

The availability of ambulance service is a legitimate governmental concern, and National City has determined its existing service is adequate. The addition of Sievert-Leggett's business in National City would create a surfeit of ambulance companies which may impair the success and discourage the continued operation of the companies already serving the city. If this were to occur, a vital health service might be disrupted. This possibility provides a rational basis upon which section 6(d) may lawfully prohibit superfluous ambulance companies from establishing operations within National City.

■ However, the scope of Ordinance No. 1339, regarding "operating an ambulance . . . within the City," must not conflict with general law (*Ferran* v. *City of Palo Alto,* 50 Cal.App.2d 374, 378-379 [122 P.2d 965]; Cal. Const., art. XI, § 11). The basic policy underlying the commerce clause of the federal Constitution (art. I, § 8), which is to preserve the free flow of commerce among the states, also applies to inter-city commerce within the state (*City of Los Angeles* v. *Shell Oil Co.,* 4 Cal.3d 108, 119 [93 Cal.Rptr. 1, 480 P.2d 953]). The police power of a municipality does not include the authority to interfere with this policy. Thus, we interpret the phrase "operating an ambulance . . . within the City," to exclude contracts for hire which originate outside National City but which may incidentally require travel within National City.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.