[L. A. No. 3273.   Department One.—October 15, 1914.]

M. J. HYNES, as Administrator of the Estate of Charles H. Gilman, Deceased, Appellant, v. M. J. & M. M. CONSOLIDATED (a Corporation), et al., Respondents.

LIMITATION OF ACTIONS—SUIT TO VACATE JUDGMENT—ANNULMENT OF PURCHASE OF SCHOOL LAND.—A suit in equity to vacate a judgment in favor of the state annulling a certificate of purchase of school land, brought by the holder of such certificate against claimants under a subsequent certificate, is barred by the statute of limitations if not begun within four years after the issuance of the second certificate.

ID.—LACHES—DELAY OF ELEVEN YEARS IN SUIT AFFECTING LAND—CHANGE OF CONDITIONS.—Such suit is also barred by laches if it is not begun until eleven years have passed since the issuance of the first certificate, during which time the holder thereof has taken no steps to complete the purchase or assert any right, and the claimants under the second certificate have expended large sums of money resulting in the discovery of oil and making the property extremely valuable.

APPEAL from a judgment of the Superior Court of Kern County.   Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Cullinan & Hickey, James F. Peck, Walter Shelton, Chas. C. Boynton, and Frank M. Hultman, for Appellant.

Frank H. Short, Geo. E. Whitaker, Everts & Ewing, J. W. McKinley, Hunsaker & Britt, and Thomas Scott, for Respondents.

SHAW, J.—The object of the action of the plaintiff was to declare that certain of the defendants were trustees holding,

as such, the title to section 36, township 12 north, range 24 west, in Kern County, for the use and benefit of the heirs of Charles H. Gilman, deceased, for a conveyance thereof by or for said defendants to said heirs, and further that a certain judgment rendered against one S. Davis, under whom said heirs claim, in favor of the people of the state of California, on December 27, 1892, be set aside. The judgment referred to is the same judgment that was under consideration by this court in *People* v. *Davis*, 143 Cal. 673, [77 Pac. 651] ; *Lake* v. *Bonynge*, 161 Cal. 120, [118 Pac. 535], and *Lake* v. *Superior Court*, 165 Cal. 182, [131 Pac. 371].

J. B. Treadwell and Fred W. Lake were made defendants and it was said that they had or claimed some interest in the premises. They appeared and filed a cross-complaint against the other defendants, alleging that they were interested with said Gilman in his lifetime in said section of land, and asking practically the same relief against the other defendants as that asked by the plaintiff Hynes on behalf of the Gilman heirs. To this complaint and cross-complaint the other defendants filed demurrers. The court sustained these demurrers without leave to amend, and thereupon entered judgment against the plaintiff on his complaint and against Treadwell and Lake on their cross-complaint, declaring that they should take nothing by their respective actions. From this judgment the plaintiff and said cross-complainants appeal.

The land above described was one of the school sections belonging to the state. The aforesaid S. Davis applied to purchase the same from the state, and on March 20, 1889, he having paid the sum of one hundred and sixty dollars and interest to that date on the purchase price, leaving six hundred and forty dollars of the principal unpaid, the register of the state land-office issued to him a certificate of purchase therefor. The effect of the aforesaid judgment of December 27, 1892, was to declare that said certificate was null and void and to terminate all right, interest, and estate of Davis in and to the land.

In *People* v. *Davis*, 143 Cal. 673, [77 Pac. 651], it was decided by this court that the aforesaid judgment was not void on the face of the record and that it could not be vacated or annulled by the court on motion in the case on the ground that it was a judgment which on its face did not show jurisdiction, but that the only remedy of any party deeming him-

self aggrieved thereby was by a separate suit in equity to set it aside. This view of that judgment has since been affirmed by this court in *Lake* v. *Bonynge,* 161 Cal. 120, [118 Pac. 535], and *Lake* v. *Superior Court,* 165 Cal. 182 [131 Pac. 371]. The present actions by the plaintiff and the cross-complainants purport to be suits in equity begun in pursuance of the declaration made in *People* v. *Davis,* 143 Cal. 673, [77 Pac. 651].

It appears from the allegations that on April 1, 1890, Davis transferred his interest in the land to said Charles H. Gilman; that Gilman, on December 7, 1900, transferred a half interest therein to Lake and a one-fourth interest to one H. H. Snow, and that Snow, on April 14, 1910, transferred his said one-fourth interest to J. B. Treadwell, one of the cross-complainants herein. Mary A. Bonynge applied to purchase the land from the state on July 22, 1899, and on January 23, 1900, having paid the portion of the purchase money necessary for that purpose, she obtained from the state register a certificate of purchase therefor. Her right to purchase the land was contested. The case was certified to the court for determination, and the court decided and decreed that she was entitled to purchase. This judgment was rendered on May 19, 1908, and the same was affirmed on appeal by this court on February 7, 1910. (See *Moran* v. *Bonynge,* 157 Cal. 295, [107 Pac. 312].) The defendants other than Treadwell and Lake and one Carpenter, who claims as assignee of one of the heirs of Gilman, but who refused to join as plaintiff, all claim under the Bonynge purchase.

It is assigned as cause of demurrer by the respondents that neither the complaint nor the cross-complaint state facts sufficient to constitute a cause of action, and that the actions stated therein are each barred by the statute of limitations and by laches. We think the point that the actions are barred by the statute of limitations is well taken. The judgment sought to be set aside, as we have said, was rendered on December 27, 1892. This action was begun by the filing of the complaint on July 21, 1911. The limitation provided by the code for an action in equity to vacate a judgment is four years, at the utmost. (Code Civ. Proc., sec. 343.) The appellants claim that this statute does not apply in the present case because the judgment was in favor of the state and there is no statute providing that such actions may be maintained against the state.

Conceding, for the purposes of the case, that this is true, so far as the state itself is concerned, it does not follow that the actions are not barred.    These actions are not against the state, but against the respondents claiming under the certificate of purchase issued by the state to Bonynge on July 22, 1899. The statute provides that when an application to purchase school land is approved and the first payment of the purchase money is made, such certificate of purchase shall be issued to the purchaser, "which certificate is *prima facie* evidence of title."    (Pol. Code, sec. 3514.)    Ever since the twenty-second day of July, 1899, therefore, the said Mary A. Bonynge, and those claiming under her, have been holding under a certificate from the state purporting to transfer to them, so far as private individuals are concerned, all the right, title, and interest of the state in said land.    After that date there was no legal obstacle to an action against them to declare that the previous judgment in *People* v. *Davis* purporting to annul the certificate of 1889, on which the appellants relied, was invalid because of the lack of due service of process.    From and after the date of the Bonynge certificate, if not before, such action could have been begun against these parties.    The period of limitation for such action, fixed by section 343, began to run at that time, and it expired eight years before this action was begun.

The equitable rule that stale demands will not be recognized and enforced in equity, commonly called the doctrine of laches, is also a sufficient bar in this case.    Davis paid twenty per cent of the purchase price and obtained his certificate of purchase on March 20, 1889.    This certificate recited that further payments of seven per cent interest in advance on the balance of the purchase were due annually thereafter.    No such payment ever was made by Davis or any other person. No attention whatever did he or those claiming under him pay to the completion of that purchase until, in the year 1900, eleven years having passed, the persons holding under the Bonynge purchase discovered oil in the land and it thereby became extremely valuable.    It is not asserted that either Davis or his successors ever took possession of or occupied the land, or made any improvements thereon.    After this discovery of oil had demonstrated the value of the land, the successors of Davis attempted to complete his purchase and tendered to the county treasurer the amount that would then have been

due thereon. It is quite clear that before that discovery they did not intend to complete the purchase and did not want the land. It is not alleged in terms, but it is obvious from the facts appearing in the record, that the Bonynge parties expended large sums of money in making that discovery. They have since that time extracted large quantities of oil therefrom and a number of transfers of the property were made while the appellants made no direct attack upon said judgment. They do not plead ignorance, but on the contrary, they show that in the year 1900 they then became aware of all the facts they now aver. No sufficient excuse for the delay is alleged.

With respect to Lake and Treadwell, it may be further observed that they are concluded by the judgment in the case of *Lake* v. *Bonynge,* 161 Cal. 120, [118 Pac. 535]. The judgment is recited in the complaint and also in the cross-complaint. It was held in *Lake* v. *Superior Court,* 165 Cal. 182, [131 Pac. 371], that the judgment in *Lake* v. *Bonynge,* was conclusive upon the parties thereto and to those claiming under them by subsequent purchases and that it forever determined that the original judgment in *People* v. *Davis* was valid as against them; also that Treadwell, as a successor of Snow, was bound thereby.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.