[Civ. No. 3552. Third Appellate District.—September 21, 1928.]

S. C. OLDHAM, Respondent, v. A. R. MOODIE, Appellant.

Rowen Irwin, Rollin Laird and Wiley & Harvey for Appellant.

Siemon & Garber for Respondent.

WEYAND, J., *pro tem.*—The plaintiff brought this action under section 1060 et seq. of the Code of Civil Procedure, to obtain a declaratory judgment, determining his rights in and to certain bonuses and royalties accruing under an agreement entered into between Matie G. Jones and others, and the Federal Drilling Company, a corporation.

A controversy had arisen between the plaintiff herein, S. C. Oldham, and A. R. Moodie, the defendant in this action, as to the share each should have in said bonuses and royalties. The controversy between the said parties grew out of certain dealings solely between the parties to this action, and did not involve other owners in the venture.

Judgment was rendered by the superior court of Kern County declaring that plaintiff owned 21/128 interest in said profits, and that defendant owned 3/128 interest therein. From this judgment the defendant appeals. Appellant argues to some extent that the trial court erred in overruling the demurrer of defendant. While the complaint alleges some matters perhaps unnecessary to an action for declaratory relief, yet as we understand section 1060 et seq. of the Code of Civil Procedure, sufficient facts are stated to show that an "actual controversy relating to the legal rights and duties of the respective parties" exists between the parties, and, growing out of "written instruments." The prayer asks that these rights be adjudged by the court. That is

all that is really essential to be averred in such a proceeding. We believe no prejudicial error was committed by the trial court in overruling defendant's demurrer.

■ The evidence discloses that on or about April 6, 1923, the plaintiff herein was involved in a controversy with one Mrs. Matie G. Jones, as to his rights in a prospective permit issued by the United States government covering a section of government land near Taft, in Kern County. This permit was being held in the name of Mrs. Jones or one W. L. Hopkins, and plaintiff herein, Oldham, claimed a one-half interest therein. At or about the last-named date said Oldham had instituted suit against Mrs. Jones to obtain legal recognition of his rights in the prospecting permit.

On April 6, 1923, said Oldham gave to Kaye and Siemon, his then attorneys, an assignment of a one-half interest in and to any interest he then had in and to the said permit. As the litigation with Mrs. Jones progressed Oldham needed funds to press the same, and on the twenty-seventh day of November, 1923, Oldham obtained from the defendant herein the sum of five hundred dollars, and gave to the defendant herein an assignment of a one-eighth interest in any interest Oldham had in the land covered by the permit.

This controversy between Oldham and Mrs. Jones terminated in a judgment being rendered by the superior court of Kern County adjudging that the plaintiff herein, Oldham, was the owner of a one-half interest in the permit aforesaid. Matie G. Jones, being dissatisfied with that judgment, appealed to the supreme court of this state. While that appeal was pending a compromise was effected whereby it was stipulated that the judgment rendered was to be disregarded; Oldham was to be conveyed by Mrs. Jones a three-eighths interest in the permit. The lands involved were to be leased to the Federal Drilling Company, and they were to prospect the same for oil, gas, and like products. This compromise was effected on September 8, 1924, and the agreement with the Federal Drilling Company was dated on the same day.

On September 30, 1924, plaintiff Oldham gave to Kaye and Siemon another assignment of one-half of the three-eighths interest he received from Mrs. Jones. This assignment recited that the settlement was had with Mrs. Jones,

and by said settlement the plaintiff herein had received a three-eighths interest in and to the prospecting permit from Mrs. Jones, and it further made the Oldham-Jones agreement a part of said assignment, by definite reference thereto. Plaintiff Oldham was permitted to testify that this assignment was simply to confirm the assignment of April 6, 1923. The assignment given by plaintiff herein to Kaye and Siemon on April 6, 1923, was not recorded. The dispute between the parties herein hinges upon the meaning of the several assignments, and as to whether or not the defendant knew of the existence of the April 6th assignment to the attorneys of Oldham. The trial court held that defendant Moodie well knew at the time he took an assignment from Oldham on November 27, 1923, that said Oldham had, prior to the execution of the Moodie assignment, made a transfer of one-half of his interest to said attorneys. Plaintiff Oldham when on the stand as a witness testified to the effect that he told Moodie before making the assignment to Moodie that he had already given to his attorneys an agreement ''on a fifty-fifty proposition,'' and that he had signed ''an ordinary agreement to that effect.'' Oldham further testified that he told Moodie as to his claims then in litigation with Mrs. Jones. While the answer of defendant Moodie denies knowledge on his part of the existence of the prior assignment to the attorneys, neither Moodie nor any other person testified as to this want of knowledge. It may be well in this connection to observe that the answer of Moodie also denies that he was ever consulted as to the terms of the settlement between Oldham and Mrs. Jones. As to that denial we can but say that Moodie was in error in such part of his answer. The fact was proven, and in no way contradicted, that upon the execution of the Jones et al. Federal Drilling Company contract, the written consent was had of Moodie and all other owners to its execution. The said Drilling Company contract recited on its face the fact that litigation had been pending between Oldham and Mrs. Jones; that judgment was rendered in favor of Oldham, adjudging that he owned a one-half interest in the permit; that an appeal had been taken; and that pending the appeal a compromise was effected whereby Oldham was to receive a three-eighths interest in the permit. The consent agreement was worded as follows:

"Agreement of Consent.

"For and in consideration of the sum of One ($1.00) Dollar, receipt whereof is hereby acknowledged, we the undersigned, hereby consent to and agree to be bound by the terms and conditions of that certain agreement dated the 8th day of September, 1924, by and between Matie G. Jones et al., as first parties, and Federal Drilling Company, as second party, a copy of which is attached hereto.

"(Signed by) W. W. KAYE
"ALFRED SIEMON
"GEORGE APPELL
"F. H. KAUFMAN
"A. R. MOODIE
"PIERSON M. HALL."

Defendant Moodie, by his answer, made a plea of estoppel as against Oldham, in that as Oldham effected a compromise of the litigation between himself and Matie G. Jones without the consent of defendant, and thereby received three-eighths of the property involved instead of one-half thereof, that plaintiff is debarred from now asserting that his interest is less than one-half of the property. In other words, appellant contends that if respondent Oldham compromised by accepting one-eighth thereof less than he was entitled to that this reduction should be taken from the ultimate share coming to said Oldham.

The trial court expressly found that defendant was not abridged or limited by any compromise or settlement made by Oldham, without the knowledge or consent of Moodie, but that defendant Moodie ratified and consented to the said compromise.

We believe the trial court decided correctly upon the theory that appellant consented to that compromise, but we also believe that upon the whole situation there present the decision was the only proper one for the trial court.

The interests transferred by the assignment of April 6, 1923, and by the assignment of November 27, 1923, were well understood by the several assignees to be interests in litigation. The nature of the transactions clearly so indicated. It is a most common transaction for one in charge of such litigation to make compromise thereof. The assignment of such rights implies a right of compromise on the part of the claimant of such rights. All that is

required of the one prosecuting the claim is that he act in good faith towards his assignee. Here no fraud or bad faith was claimed as against respondent Oldham.

Appellant Moodie also makes the contention that because the agreement of Matie G. Jones, S. C. Oldham et al. with the Federal Drilling Company, and dated September 8, 1924, recites as a fact that one W. F. Hopkins was owner of the prospecting permit, and that not until June 21, 1923, was his transfer to Mrs. Jones approved by the proper officers of the Interior Department of the United States, therefore on April 6, 1923, the plaintiff herein had no interest in the permit or the land covered thereby to transfer.

Appellant cites section 12½ of the oil and gas regulations issued by the Department of the Interior in support of this claim that on April 6, 1923, Oldham had no interest in the permit that he was privileged to assign. This section provides as follows:

"12½. Assignment of Permits — Permits, after being awarded, may be assigned to qualified persons or corporations upon first obtaining consent of the Secretary of the Interior. Mere rights to receive permits are not assignable."

It must be very plain that although the prospecting permit was on April 6, 1923, in the name of W. F. Hopkins, and on June 21, 1923, consent was given for a transfer to the name of Matie G. Jones, yet during all that time the actual equitable ownership of the property well might have been in Mrs. Jones and Oldham, in equal shares.

The court in *Oldham* v. *Jones* adjudicated all those questions; the judgment rendered in said case was only changed as to the amount of interest Oldham was finally to receive, and appellant by his signature to the consent agreement approved that final arrangement.

We cannot, therefore, agree with appellant's contention. As above noted, the trial court decided that Oldham did own a one-half interest. Long before that judgment was rendered said Hopkins had transferred to Mrs. Jones. The compromise based on that judgment was fully set forth in the Drilling Company agreement, and defendant consented thereto. There is nowhere any showing that Oldham could not, or did not, receive an assignment of an interest

in the prospecting permit. Indeed, in the suit of *Oldham* v. *Jones* it might well have been a contention of Oldham that by fraud or mistake his name was improperly omitted from the application for the permit, although he was rightfully to have been named as an applicant for such permit, and to have a legal interest therein.

The judgment in *Oldham* v. *Jones* puts to rest all such questions.

We see no necessity to cite authority in support of our views.

The judgment of the lower court will be affirmed.

Hart, J., and Finch, P. J., concurred.