[Civ. No. 31887. First Dist., Div. Four. Oct. 23, 1973.]

BHARAT G. PATEL et al., Plaintiffs and Appellants, v.
WILLIAM ATHOW, Defendant and Respondent.

**COUNSEL**

Louis I. Mallette for Plaintiffs and Appellants.

Ruffo, Ferrari & McNeil and Thomas P. O'Donnell for Defendant and Respondent.

**OPINION**

**BRAY, J.**\*—Plaintiffs commenced this action for declaratory relief. The trial court sustained defendant's demurrer to the complaint with leave to amend. Plaintiffs having declined to amend within the time ordered, the court entered judgment dismissing the action. Plaintiffs appeal from the judgment.

### Questions Presented

1. The trial court had jurisdiction.

2. A cause of action for declaratory relief is stated.

### Record

In complaint for declaratory relief filed in the San Mateo County Superior Court the following facts are alleged: Appellants are the fee simple owners of a piece of real property located in South San Francisco that is commonly known as the "Golden Eagle Hotel." Said real property was subject to a

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

lease for a fixed term to commence on January 1, 1967, terminating on December 31, 1971. This lease was executed by appellants' predecessor in title, as lessor, and respondent, as lessee. Section 29 of the lease grants the lessee an option to renew the lease for five years. Under the terms of section 29, the amount of rent to be paid during the renewal period is to be agreed upon by the parties and if they are unable to reach an agreement, the matter is to be submitted to arbitration. Appellants and respondent were not able to agree on the amount of rent and thereafter communicated in an effort to set the matter for arbitration. Before the matter had been arbitrated, Executive Orders Nos. 11615 and 11627 were issued, prohibiting the increase of rents until November 13, 1971. On November 10, 1971, the three arbitrators selected by the parties determined the rent to be paid during the five-year renewal period should be $750 per month. Thereafter further executive orders were issued pursuant to the Economics Stabilization Act of 1970 prohibiting the increase of rents.

Respondent demurred to the complaint on the grounds that the court had no jurisdiction over the subject matter and the complaint did not state a cause of action. Appellants filed an amended complaint for declaratory relief on February 14, 1972. The amended complaint alleges the same facts as are set out in the original complaint. However, appellants made two additional allegations: (1) the arbitration award was a determination that the rent for the renewal period was to be $750 per month; and (2) the executive orders prohibit the payment of rent from respondent to appellants in the sum of $750 per month.

The arbitration award provides that as long as the price freeze continues in effect it supersedes the award of arbitration. During the price freeze controls the rent is to be the maximum allowed under such controls as long as such amount does not exceed $750.

Appellants' contentions are that because of the executive orders, the arbitration proceedings are null and void; the lease provision has become impossible of performance, and appellants are excused from performance.

Respondent demurred to the amended complaint on the same grounds as the original complaint. The trial court sustained the demurrer to the amended complaint on the ground that it did not state a cause of action (not that it lacked jurisdiction) and granted appellants 15 days to amend their complaint. Appellants refusing to amend, respondent moved to dismiss the complaint. The court entered judgment dismissing the complaint and awarding respondent attorneys' fees in the sum of $1,060 and costs in the sum of $21.

1. *The trial court had jurisdiction.*

 Respondent contends that since appellants' cause of action arises under the Economic Stabilization Act of 1970, the United States District Courts have original and sole jurisdiction. Although the trial court sustained the demurrer on the ground that the complaint did not state a cause of action, the ruling of the lower court should be affirmed if the complaint is insufficient upon any ground specified in the demurrer and one ground stated in the demurrer was that the lower court did not have jurisdiction over the subject matter. (*Collins* v. *Marvel Land Co.* (1970) 13 Cal.App. 3d 34, 45 [91 Cal.Rptr. 291]; *Stratford Irr. Dist.* v. *Empire Water Co.* (1941) 44 Cal.App.2d 61, 65 [111 P.2d 957].) Furthermore, subject matter jurisdiction may be raised for the first time on appeal. (*Consolidated Theatres, Inc.* v. *Theatrical Stage Employees Union* (1968) 69 Cal. 2d 713, 721 [73 Cal.Rptr. 213, 447 P.2d 325]; *Costa* v. *Banta* (1950) 98 Cal.App.2d 181, 182 [219 P.2d 478].)

 The Economic Stabilization Act of 1970 (Pub.L. 91-379, 84 Stat. 799; as amended Pub.L. 92-210, 85 Stat. 743) provides in section 210, subdivision (a): "Any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy, for appropriate relief, including an action for a declaratory judgment, writ of injunction (subject to the limitations in section 211), and/or damages." Section 211, subdivision (a), considers in more detail the matter of judicial review in this area and states as follows: "The district courts of the United States shall have exclusive original jurisdiction of cases or controversies arising under this title, or under regulations or orders issued thereunder, notwithstanding the amount in controversy; except that nothing in this subsection or in subsection (h) of this section affects the power of any court of competent jurisdiction to consider, hear, and determine any issue by way of defense (other than a defense based on the constitutionality of this title or the validity of action taken by any agency under this title) raised in any proceeding before such court."

It should be noted that the Economic Stabilization Act was not raised by way of a defense in this action but was the crux of appellants' complaint asking the lower court to determine the option to renew the lease null and void. (See *Brookchester* v. *Matthews* (1972) 118 N.J.Super. 565 [289 A.2d 275].) This court must then determine if the case at bar is a case or controversy arising out of this act or the orders or regulations issued thereunder.

It is clear that under section 210, subdivision (a), when a person has suffered a wrong because of the Economic Stabilization Act of 1970, he *may* bring an action in federal court. For example, if a landlord takes retaliatory eviction action against a tenant as a result of the tenant's complaint to the government, the tenant may bring an action in the federal court. (6 C.F.R. (1973) Economic Stabilization, p. 419.) The question remains whether the instant case *must* be brought in federal court. Apparently a state court may rule on issues concerning the applicability of a regulation to a particular party (Economic Control, CCH, ¶ 8975.10) and such rulings are not considered to arise under the act. Since the lower court in the instant case was asked to rule on the applicability of the regulations to the contract, the action was properly brought in the state court. The cause of action does not arise under the Economic Stabilization Act and therefore state contract law must be applied by a state court.

The Economic Stabilization Act does not purport to invalidate, or in any way change state law as it applies to the enforceability of legal contracts. It is reasonable to assume, and there is nothing in the Economic Stabilization Act to the contrary, that Congress did not intend to extend the sole jurisdiction of the federal courts to include causes of action seeking to determine the rights of parties whose contracts may be affected in some way by the Stabilization Act. There is legal precedent under the doctrine of Commercial Frustration (a doctrine of contract law) for a state court to consider the effect on a contract affected by federal law. (See *Lloyd v. Murphy* (1944) 25 Cal.2d 48 [153 P.2d 47].)

The amended complaint in the instant case alleges that a controversy exists between the parties, appellants contending that because of the executive orders under the Stabilization Act respondent's right to the leased premises terminated on December 31, 1971, while respondent claims that his right continues for an additional five years under the terms of the option in his lease. Also appellants claim that the contract has become impossible of performance, while respondent claims it has not. It was the duty of the trial court not to determine this controversy by merely refusing to rule on the controversy, but to declare the rights of the parties even though it ultimately should rule in favor of appellants' contentions.

2. *The cause of action.*

■ The ground stated in the order sustaining demurrer is that the amended complaint did not state a cause of action.

The amended complaint alleges that pursuant to the terms of the lease arbitrators were appointed to determine the rental to be paid during the

five-year renewal period, and that the arbitrators determined that such rental should be $750 per month but took notice of the fact that under the federal regulations enacted pursuant to the Economic Stabilization Act of 1970 restraining increase in rents, the rent determined by the arbitrators could not take effect. The amended complaint then alleges that because of the federal regulations and executive orders the arbitration proceeding was null and void, contrary to law and against public policy, that possibility of performance of paragraph 29 became impossible and therefore appellants were excused from performance, and that there had been a complete and utter frustration of the purpose of paragraph 29 in that the paragraph contemplated and was intended to be applicable in a free and uncontrolled rent market for the negotiation or arbitration of the rental.[1]

The amended complaint alleges that a controversy has arisen over these matters between appellants and respondent in that respondent denies that the federal regulations and executive orders have had the effects alleged. Appellants then pray for a declaratory judgment determining the interests of the parties under the lease.

Respondent contends that the amended complaint does not state facts sufficient to constitute a cause of action because, he says, there is no actual controversy in that it is not alleged that either the Economic Stabilization Act or the regulations issued thereunder is unconstitutional, and that the act does not purport to invalidate existing contracts "but rather only limits the increase or consideration which can be paid thereunder," and it is not alleged that the award does not comply with the act.

However, it clearly appears from the amended complaint that there is an actual controversy between the parties, not as to any illegality of the award or the act itself, but as to the effect on the contract between the parties of the fact that appellants are denied the rental which the arbitrators would award were it not for the government regulation. The complaint sets forth enough facts to require the court to determine the controversy between the parties, namely what is the effect on the renewal clause of the lease of the government regulations? This is a question of law requiring a declaration by the court of the rights of the parties and is not answered by declaring that the amended complaint does not state a cause of action because no attack is made on the constitutionality of the act, and no claim is made that the award does not comply with the act, or that the act does not purport to invalidate existing contracts. The award under the act does

---

[1]The amended complaint further alleges a breach of the lease. This will be hereinafter discussed.

affect an existing contract and it becomes the duty of the court to declare what the legal result thereof, is.

Respondent cites *Moss* v. *Moss* (1942) 20 Cal.2d 640, 642 [128 P.2d 526, 141 A.L.R. 1422], where the court states that even though the allegations of a complaint would justify a trial court in granting a declaratory judgment, the court may sustain a general demurrer to the complaint for declaratory relief where the court concludes from the face of the complaint that its determination is not necessary or proper. However, in the case at bench there is nothing in the amended complaint which would justify the court in concluding that a determination of the effect of the regulations is not necessary or proper, even though the court might determine as a matter of law that the regulations do not require a determination that the renewal clause of the lease is not enforceable. Moreover, in *Maguire* v. *Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062], the court distinguished *Moss* by holding that in *Moss* the court refused declaratory relief "to a party of equal fault to an illegal transaction." (No illegal transaction is involved here.) "It does not hold that the fact that a plaintiff is not entitled to a favorable declaration is a proper basis for the exercise of the trial court's discretion . . . . But the fact that the party seeking to set the judicial machinery in motion is on the wrong side of a controversy cannot be ascertained prior to the court's consideration and determination thereof, and it cannot be said that a declaration embodying that determination would not be necessary or proper merely because the plaintiff entertained a misconception of law. Thus, as previously noted, it has been held that where the plaintiff is not entitled to a favorable declaration, the court should render a judgment embodying such determination and should not merely dismiss the action. (Anderson, Declaratory Judgments, p. 271.)" (*Maguire, supra,* at pp. 730-731.)

As alleged in the amended complaint, another ground of controversy between the parties concerning their respective rights and interests under the lease is based on appellants' contention that respondent had materially breached paragraphs two and three of the lease, by making alterations to the leased premises without the consent of appellants and thereby wasting the premises, by the unauthorized conversion of commercial portions thereof to residential uses and purposes. It is alleged that respondent contends that such unauthorized alterations are not a material breach of the lease covenants.

Paragraph two provides, in part, that the lessee shall not use, or permit to be used, any portions of the premises, for any purpose than that for which the premises are leased. Paragraph three contains the usual cove-

nants against waste, including the covenant that no alterations shall be made without the written consent of the lessor. To constitute waste there must be injury to the premises substantially depreciating the market value of the property. (2 Witkin, Summary of Cal. Law (1960) Real Property, § 166, p. 1009.) Obviously this controversy may not be determined by a dismissal of the action.

As the amended complaint states a cause of action for declaratory relief, the judgment will have to be reversed. Therefore, the allowance of attorneys' fees to respondent must likewise fall.

The judgment of dismissal is reversed.

Devine, P. J., and Rattigan, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 19, 1973.