Filed 9/29/15  Berube v. Homesales CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL R. BERUBE, | H041422 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. M126484) |
| v. | |
| HOMESALES, INC., et al., | |
| Defendants and Respondents. | |

## I.  INTRODUCTION

Appellant Michael R. Berube, a self-represented litigant, borrowed $1.5 million when he refinanced the mortgage on his home in Carmel.  After Berube defaulted on the loan, nonjudicial foreclosure proceedings were initiated and in 2008 the Carmel property was sold at a foreclosure sale.

In 2014, Berube filed the instant action against respondents Homesales, Inc. (Homesales), JPMorgan Chase Bank, J.P. Morgan Mortgage Acquisition Corp., and Mortgage Electronic Registration Systems, Inc. (MERS), in which he alleged that defendants did not have the legal authority to foreclose.[1]

---

[1] Defendants Cal-Western Reconveyance Corp. and First American Title Company are not parties to this appeal.

The trial court sustained defendants' demurrers to all causes of action included in the complaint without leave to amend and entered an order of dismissal. For the reasons stated below, we conclude that the trial court did not err and that Berube has not shown on appeal that the complaint may be amended to state a cause of action. We will therefore affirm the order of dismissal.

## II.  FACTUAL BACKGROUND

Our summary of the facts is drawn from the allegations of the complaint and defendants' request for judicial notice, since in reviewing a ruling sustaining a demurrer without leave to amend we assume the truth of the properly pleaded factual allegations and the matters properly subject to judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*); *Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 200.)

### A.  *Foreclosure Proceedings*

In 2006 Berube refinanced the mortgage on his home in Carmel by borrowing $1.5 million from Alliance Bancorp. The new loan was secured by a deed of trust on the Carmel property, which indicated that MERS was the nominee for Alliance Bancorp and that MERS was also the beneficiary of the deed of trust.

A notice of default and election to sell under deed of trust was recorded by Cal-Western Reconveyance Corp. in 2007. In January 2008 MERS recorded a substitution of trustee that substituted Cal-Western Reconveyance Corp. as trustee under the deed of trust. Cal-Western Reconveyance Corp. recorded a notice of trustee's sale on January 24, 2008.

On June 23, 2008, an assignment of deed of trust was recorded in which MERS assigned its interest in the deed of trust to Chase Home Finance. On the same day, June 23, 2008, another assignment of deed of trust was recorded. The second assignment of deed of trust indicated that Chase Home Finance had assigned its interest in the deed of trust to Homesales. Berube's Carmel property was immediately sold in a foreclosure sale to Homesales and the trustee's deed of sale was also recorded on June 23, 2008.

2

On July 9, 2012, a "Corporate Assignment of Deed of Trust" was recorded, which states that Chase Home Finance assigned its interest in the deed of trust to J.P. Morgan Mortgage Acquisition Corp.

**B.** *Bankruptcy Proceedings*

In January 2008 Berube filed a Chapter 7 voluntary petition in the United States Bankruptcy Court, Northern District of California. The list of creditors in the petition's Schedule D included Chase Home Financial, which had a creditor's claim of $1.5 million secured by a lien on the Carmel property. MERS filed a motion for relief from stay that was granted in March 2008. Berube's motion to vacate the order granting the motion for relief from stay was denied. An order discharging Berube as debtor was entered in March 2009 and the bankruptcy case was closed.

In June 2009 Berube filed a Chapter 11 voluntary petition in the United States Bankruptcy Court, Northern District of California. The petition's Schedule A stated that Berube had an "[e]quitable [i]nterest" in the amount of $2.5 million in the Carmel property, which had been sold at the foreclosure sale in 2008.

In May 2011 Berube initiated an adversary proceeding in his bankruptcy case by filing a "Complaint to Set Aside/Vacate Trustee Sale and Quiet Title" against Homesales. The complaint in the adversary proceeding sought a declaration that the trustee's deed of sale recorded by Homesales was void because Homesales lacked authority to foreclose. The complaint also sought to quiet title to the Carmel property in Berube.

Berube's Chapter 11 bankruptcy petition was dismissed in October 2013. His adversary proceeding was dismissed without prejudice in the amended order filed on December 23, 2013. The amended order states that Homesales "agrees to waive any statute of limitations defense solely with respect to the claims asserted in [Berube's] operative complaint . . . in the Adversary Proceeding, but only if [Berube], if he chooses to re-file the claims, re-files in a different court by no later than January 31, 2014. Should [Berube] fail to re-file the claims asserted in the Complaint in a different court by

3

no later than January 31, 2014, [Homesales] agreement to waive any statute of limitations defense will be voided and nullified; and [¶] . . . [Homesales] does not waive any statute of limitations defense it may have as to claims not previously asserted in the Complaint in the Adversary Proceeding."

## III. PROCEDURAL BACKGROUND

Berube filed his verified complaint against defendants Homesales, JPMorgan Chase Bank, J.P. Morgan Mortgage Acquisition Corp., Cal-Western Reconveyance Corp., MERS, and First American Title Company on January 31, 2014. The complaint included causes of action for wrongful foreclosure, slander of title, quiet title, cancellation of instruments, and declaratory relief.

Defendants Homesales, JPMorgan Chase Bank, J.P. Morgan Mortgage Acquisition Corp., and MERS demurred to the complaint on the grounds that each cause of action failed to state facts sufficient to constitute a cause of action and was also time-barred, with the exception of the causes of action for quiet title and declaratory relief asserted against Homesales.

On April 11, 2014, the trial court issued an order after submission sustaining the demurrers to each cause of action without leave to amend. An "Order Re: Dismissal" was filed on July 1, 2014, which "dismissed [the action] with prejudice in its entirety as to each of the Chase Defendants."[2]

## IV. DISCUSSION

The order of dismissal is an appealable order. "[O]rders of dismissal 'constitute judgments . . . effective for all purposes' ([Code Civ. Proc.,] § 581d)[3] and hence are

---

[2] The July 1, 2014 order of dismissal indicates that the "Chase Defendants" include Homesales, JPMorgan Chase Bank, J.P. Morgan Mortgage Acquisition Corp., and MERS.

[3] All statutory references hereafter are to the Code of Civil Procedure unless otherwise indicated.

4

directly appealable.  (§ 904.1, subd. (a); [citation].)"  (*Salas v. Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 345, fn. 3.)

On appeal, we understand Berube to generally contend that the trial court erred in sustaining the demurrers to all causes of action in his complaint because none of the defendants had authority to foreclose on his Carmel home and also because the complaint was not time-barred.  We will begin our evaluation of Berube's contentions with the applicable standard of review.

### A.  *Standard of Review*

On appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, our review is de novo.  (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42 (*Committee for Green Foothills*).)  In performing our independent review of the complaint, we assume the truth of all facts properly pleaded by the plaintiff.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).)  "We also accept as true all facts that may be implied or reasonably inferred from those expressly alleged.  [Citation.]"  (*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 320-321, disapproved on another ground in *Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 334.)  Further, "we give the complaint a reasonable interpretation, and read it in context."  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)  But we do not assume the truth of " ' "contentions, deductions or conclusions of fact or law." ' "  (*Evans*, *supra*, at p. 6.)

We also consider matters that may be judicially noticed and facts appearing in any exhibits attached to the complaint.  (§ 430.30, subd. (a); *Schifando, supra,* 31 Cal.4th at p. 1081; *Blank*, *supra*, 39 Cal.3d at p. 318; *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 225, fn. 1.)  After reviewing the allegations of the complaint, the complaint's exhibits, and the matters properly subject to judicial notice, we exercise our independent judgment as to whether the complaint states a cause of

action as a matter of law.  (See *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

**B.  *Statute of Limitations***

Defendants demurred on the ground that all causes of action in the complaint were time-barred under the applicable statutes of limitation, with the exception of the causes of action against defendant Homesales for quiet title and declaratory relief (since Homesales had waived a statute of limitations defense to those causes of action during United States Bankruptcy Court proceedings).  We will begin our evaluation with an overview of the affirmative defense of the statute of limitations.

**1.  General Principles**

A statute of limitations prescribes the period "beyond which a plaintiff may not bring a cause of action.  [Citations.]"  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 (*Fox*).)  "[It] strikes a balance among conflicting interests.  If it is unfair to bar a plaintiff from recovering on a meritorious claim, it is also unfair to require a defendant to defend against possibly false allegations concerning long–forgotten events, when important evidence may no longer be available."  (*Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797 (*Pooshs*).)

"Critical to applying a statute of limitations is determining the point when the limitations period begins to run.  Generally, a plaintiff must file suit within a designated period after the cause of action *accrues.*  (. . . § 312.)"  (*Pooshs*, *supra*, 51 Cal.4th at p. 797.)

" ' "A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred.  [Citation.]  In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint [and matters subject to judicial notice]; it is not enough that the complaint shows that the action may be barred.  [Citation.]" [Citation.]' [Citation.]"  (*Committee for Green Foothills, supra,* 48 Cal.4th at p. 42; see § 430.30, subd. (a).)

6

## 2. Analysis

In the present case, the face of the complaint and its exhibits show that all causes of action arise from defendants' allegedly wrongful foreclosure sale of Berube's Carmel home on June 23, 2008. "A cause of action accrues 'when [it] is complete with all of its elements'—those elements being wrongdoing, harm, and causation. [Citation.]" (*Pooshs*, *supra*, 51 Cal.4th at p. 797.) Therefore, the causes of action accrued, and the limitation periods for Berube's claims began to run, on June 23, 2008, the day of the foreclosure sale. The complaint was filed on January 31, 2014, more than five years after the 2008 foreclosure sale.

Berube does not dispute defendants' contention that all causes of action in his complaint are subject to statutes of limitation that provide a limitations period of five years or less. (See § 318 [five-year limitation on an action to recover real property or possession thereof]; § 338, subd. (d) [three-year limitations period for claim based on fraud or mistake]; § 339 [two-year limitation period for action upon a contract]; § 338, subd. (g) [three-year limitations period for action for slander of title to real property]; *Moss v. Moss* (1942) 20 Cal.2d 640, 644-645 [action for cancellation of instrument subject to four-year limitations period in catchall provision of section 343].)

We understand Berube to argue on appeal that his causes of action are not time-barred pursuant to the discovery rule and the doctrine of equitable tolling. We will address these two exceptions to the general rule of accrual in turn.

### *Discovery Rule*

"An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. [Citations.]" (*Fox, supra,* 35 Cal.4th at pp. 806-807.) "Discovery of the cause of action occurs when the plaintiff 'has reason . . . to suspect a factual basis' for the action. [Citations.]" (*Pooshs, supra,* 51 Cal.4th at p. 797.)

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his [or her] claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.]" (*Fox, supra,* 35 Cal.4th at p. 808.)

However, "failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action, whereas a like failure concerning the cause of action itself does. '. . . [T]he rationale for distinguishing between ignorance' of the defendant and 'ignorance' of the cause of action itself 'appears to be premised on the commonsense assumption that once the plaintiff is aware of' the latter, he [or she] 'normally' has 'sufficient opportunity,' within the 'applicable limitations period,' 'to discover the identity' of the former. [Citation.]" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 399 (*Norgart*).) Additionally, failure to discover the identity of a defendant does not postpone accrual because the defendant's identity is not an element of a cause of action. (See *Cypress Semiconductor Corp. v. Superior Court* (2008) 163 Cal.App.4th 575, 587.)

Here, Berube has not alleged in his complaint that he failed to discover the 2008 foreclosure on his Carmel home within the applicable statutes of limitation despite his reasonable diligence. Moreover, Berube does not dispute defendants' assertion that he was aware of the foreclosure no later than July 28, 2008, when he filed in United States Bankruptcy Court a motion to vacate the order granting MERS's motion for relief from stay. The discovery rule therefore does not apply to delay accrual of his causes of action against defendants. (See *Fox, supra,* 35 Cal.4th at p. 808.) Moreover, to the extent Berube argues that he could not have timely discovered the identity of the defendants, that argument is unavailing. As we have noted, failure to discover the identity of a defendant does not postpone accrual. (*Norgart*, *supra*, 21 Cal.4th at p. 399.)

8

*Equitable Tolling*

We understand Berube to also argue on appeal that defendants fraudulently concealed their identities and their lack of authority to foreclose, and therefore the applicable statutes of limitation were tolled under the doctrine of equitable tolling.

In general, "[e]quitable tolling . . . may suspend or extend the statute of limitations when a plaintiff has reasonably and in good faith chosen to pursue one among several remedies and the statute of limitations' notice function has been served. [Citation.]" (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1192.) "Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason. [Citation.]" (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 100.) "Tolling eases the pressure on parties 'concurrently to seek redress in two separate forums with the attendant danger of conflicting decisions on the same issue.' [Citations.]" (*Ibid.*)

Having reviewed Berube's complaint, we determine that he has not alleged any facts to support the application of the doctrine of equitable tolling in this case. Moreover, to the extent Berube argues that defendants are equitably estopped from asserting a statute of limitations defense, we also find no supporting factual allegations in his complaint.

" ' "Equitable estoppel, . . . comes into play only after the limitations period has run and addresses . . . the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his [or her] conduct has induced another into forbearing suit within the applicable limitations period." ' " (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 383.) Thus, under the doctrine of equitable estoppel an action filed after the limitations period has expired may proceed " '[w]here the plaintiff is unaware of the identity of the wrongdoer and this is

9

due to fraudulent concealment by the defendant.' [Citation.]" (*Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 690.) Here, Berube has not alleged that defendants either induced him to delay filing his complaint or fraudulently concealed their identities until the limitations period provided by the applicable statutes of limitation had expired; therefore, the doctrine of equitable estoppel does not apply in this case.

For these reasons, we determine that the face of the complaint shows that all causes of action in the complaint are necessarily time-barred under the applicable statutes of limitation and therefore the demurrers were properly sustained, with the exception of the causes of action against defendant Homesales for quiet title and declaratory relief to which Homesales has waived a statute of limitations defense. (See *Committee for Green Foothills*, *supra*, 48 Cal.4th at p. 42.) We next address the causes of action that remain against Homesales.

### C. *Homesales*

#### 1. Quiet Title

In the cause of action for quiet title, Berube alleges that Homesales has no right to title or interest in the Carmel property because the foreclosure sale was invalid. He seeks to quiet title as of October 16, 2007. We understand Berube to argue on appeal that the trial court erred in sustaining Homesales's demurrer to this cause of action because it derives from the wrongful foreclosure.

Homesales contends that Berube has failed to state facts sufficient for a quiet title cause of action because he cannot allege two required elements: that he holds title to the property and he has paid the debt owed on the property.

We agree that Berube has not alleged facts sufficient for a quiet title cause of action against Homesales. It has long been "settled in California that a mortgagor cannot quiet his [or her] title against the mortgagee without paying the debt secured." (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649; accord, *Lueras v. BAC Home Loans*

10

*Servicing, LP* (2013) 221 Cal.App.4th 49, 86 [borrower cannot quiet title against a secured lender without paying the outstanding debt on which the deed of trust is based].)

Berube has not alleged in his complaint that he has paid the outstanding debt on which the deed of trust on the Carmel property was based. In the absence of any allegations demonstrating this required element of a cause of action for quiet title, we determine that Homesales's demurrer was properly sustained.

### 2. Declaratory Relief

The cause of action for declaratory relief includes the allegations that an actual dispute exists between Berube and Homesales as to the ownership of the Carmel property and as to the validity of the liens on the property prior to foreclosure. Homesales argues that Berube failed to state facts sufficient for a declaratory relief cause of action because he has not alleged a present or future controversy. We agree.

"Code of Civil Procedure section 1060 authorizes '[a]ny person . . . who desires a declaration of his or her rights or duties with respect to another . . . in cases of *actual controversy relating to the legal rights and duties of the respective parties,* [to] bring an original action . . . for a declaration of his or her rights and duties . . . .' (. . . § 1060, italics added.)" (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 513 (*Jenkins*); see also *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 909.)

Thus, "[t]he purpose of a judicial declaration of rights in advance of an actual tortious incident is to enable the parties to shape their conduct so as to avoid a breach." (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 848.) Declaratory relief is therefore a remedy that " 'operates *prospectively*, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them.' " (*Ibid.*, italics added.)

11

In the present case, Berube alleges only that a controversy exists regarding Homesales's ownership of the Carmel property because the foreclosure sale was invalid. He therefore seeks a remedy for a past wrong: the 2008 foreclosure sale. Consequently, the complaint lacks any factual allegations indicating that an actual, present controversy exists between the parties. We therefore determine that Berube has failed to state a cause of action for declaratory relief and Homesales's demurrer was properly sustained. (See *Jenkins*, *supra*, 216 Cal.App.4th at pp. 513-514.)

### D. *Request for Leave to Amend*

On appeal, Berube asks this court to consider whether any deficiencies in the complaint may be remedied by amendment. As defendants point out, this request is insufficient to meet Berube's burden as an appellant seeking leave to amend.

The rules governing leave to amend the complaint are well established. "If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect. [Citation.]" (*Schifando*, *supra*, 31 Cal.4th at p. 1081.)

"To satisfy that burden on appeal, a plaintiff 'must show in what manner he [or she] can amend his [or her] complaint and how that amendment will change the legal effect of his [or her] pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary.

12

[Citation]." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 (*Rakestraw*).)

In the present case, we understand Berube to argue that he has a right to amend his complaint and therefore this court should determine whether any deficiencies may be cured by amendment. This general argument does not satisfy his burden on appeal. (See *Rakestraw*, *supra*, 81 Cal.App.4th at pp. 43-44.) We therefore conclude that the trial court did not abuse its discretion in denying leave to amend.

## V. DISPOSITION

The judgment of dismissal is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
GROVER, J.